OPINION of the Court, bv
Judge Losas?.
Upon calling this cause, the plaintiff in the court below being absent and unprepared for trial, his attorney suffered a nonsuit; and on a subsequent day of the term obtained a reinstatement of the cause ; to which exceptions were filed ; and a verdict and judgment having been after-wards rendered in favor of the plaintiff, the defendant below has prosecuted this writ of error.
Whether the ground set forth in the affidavits on which the motion to reinstate the cause was founded, is sufficient to have justified a continuance, or a reinstatement of the suit after a nonsuit had been entered, seems unneces ary to be decided in this cause. The application for a continuance, or to reinstate a cause, whilst it remains in the power of the court, is addressed to the sound discretion of the court, and ought not to be con-troled by this court, except in instances of manifest abuse.
A judgment correctly determined on the merits and right of the case, should not be reversed, merely-tte-cause at some stage of the proceedings the suit might have been legally dismissed or stricken from the docket.
A party not injured by the verdict and judgment rendered, has no right to complain to this court ; and a■ injury derived only from the loss of an advantage founded on the unprepared state ofthe plaintiff, has but little orno claim to a reversal. For what purpose would the judgment be reversed, and the verdict of ttie jury set aside ? It would seem merely to dismiss the suit, in order that the parcy should be forced to commence his suit de novo, retravel the same course, and to produce the same result ; for it is not pretended that the verdict and judgment are contrary to evidence and the right and justice of the case. Such a course would surely be an idle waste of time, and an unnecessary accumulation of cost, attended with great delay and trouble. What judgment or act of the court is complained of as in jurious to, and against the right' of the plaintiff in error ? The act complained of seems rather to have been a liberal indulgence to one, than a rigid and unjust decision against *93 the other of the parties. It covered the omission of the one, but did not affect the just and essential right of the other. It passed, perhaps, with too much indulgence the negligence of the plaintiff, when the defendant claimed a speedy determination of the controversy. But having done this, and by so doing effected ultimately a more speedy and less expensive decision, without injury to the merits and right of the other party, this court thinks the verdict and judgment ought not now to be disturbed for that cause only.
But another point presented in’ the causp, arises from the refusal of the court to admit evidence on the part of the defendant as to the present value of property in the action of trover and conversion, instead of being confined to its value at the time of the plaintiff’s demand.
The plaintiff’s right to recover originated with the refusal of the defendant to deliver the property ; and his withholding and diminishing the worth by the use of the property, and then obtaining a credit for that diminution against the plaintiff ’s recovery, would be highly unjust and contrary to law.-Judgment affirmed.