RIPLEY v. DAVIS.

*C. I. Walker*, for complainant.

*Wm. Gray*, for defendant.

---

## Volney A. Ripley v. Ira Davis and another.

*Trover: conversion: damages.* Where one co-tenant was bound to the other by contract, to deliver and divide joint property at a certain place, but appropriated it to his exclusive use, and under circumstances which rendered a division and delivery in the manner agreed upon impracticable: *Held,* that it amounted to a conversion, and that trover would lie. *Held further,* that in the absence of special circumstances requiring a different measure of damages, it was proper to award to the plaintiff the value of the property at the time of conversion, with interest from that time.

*Amendment of pleadings in the Circuit Court, when discretionary.* On the trial in the Circuit Court, the defendant applied for leave to interpose the defense of the Statute of Limitations, after having plead the general issue. *Held,* that this was a matter of discretion in the court below, and its denial could not be reviewed by this court.

*Heard October 11th and 12th. Decided November 10th.*

Case made after judgment from St. Clair Circuit.

This was an action of trover brought to recover the value of two-fifths of a certain quantity of logs cut by defendants on plaintiff's premises, and which said logs were to be boomed at a certain point and divided. Defendants took the logs to a point far beyond the place agreed upon, and also set up a claim on them, under an alleged agreement.

During the trial, the defendants' counsel objected to a portion of plaintiff's evidence, as it tended to show that the alleged conversion, or at least a part of it, occurred more than six years before the commencement of the suit.

The declaration alleged the conversion as having taken place within the six years.

The court overruled the objection, and also refused permission to defendants to add to their plea, a notice of the statute of limitations.

Judgment was rendered for plaintiff.

*Wm. T. Mitchell* and *A. B. Maynard,* for plaintiffs.

The proof of conversion was sufficient.

The logs were to be placed in a boom, at Port Huron, and there retained. It was their place of delivery, and where the division was to be made. Any removal from that place was a conversion by the defendants. Ripley frequently demanded his share of the logs, and could not get them, and was met with the reply that he had been credited for them in the defendants' account. This fully implied their absolute use and sale by the defendants, and was of itself a conversion. And it is in proof, by both Leighton and Loughrey, that all the D. T. 6 logs, were taken by them, as defendants' agents, from the boom at Port Huron, and run to defendants' mill at Trenton.

It was a disposition of the property, which put it out of the power of the defendants to deliver it on demand. This constitutes a conversion. — 3 *Mich.* 139; 33 *Maine,* 347; 20 *Ala.* 212; 21 *Pick.* 559.

Trover lies by one tenant in common, of a personal chattel, against his co-tenant, for the appropriation of the chattel to his exclusive use, when the chattel is of such a nature as to be necessarily destroyed by the use thereof. 3 *Gratt.* 205; 17 *Penn.* 373; 12 *Mich.* 328.

RIPLEY *v.* DAVIS.

The question as to the application to append the notice of statute of limitations was clearly within the discretion of the court below, and the refusal, if made, is not a subject of review for this court.

*B. C. Farrand, E. Hall* and *C. A. Kent,* for defendants.

1. There is no evidence of conversion.

It will be admitted that plaintiff and defendants were tenants in common of the saw logs in question. A division was to have been made at Port Huron, but this was never done.

There is no evidence of any sale or any destruction of the logs.

There is some evidence tending to show a demand by plaintiff of his portion, and a refusal on the part of defendants to deliver the same. This is the only evidence of conversion.

The law is settled that, as between tenants in common, this is not sufficient. — 2 *Greenl. Ev.* § 646, *and notes;* 2 *Hilliard on Torts,* 293, *et seq.;* 1 *Chitty on Pl.* 156; 1 *Taunt.* 241; 9 *Wend.* 338; 7 *Id.* 449; 1 *E. D. Smith,* 217; 27 *Conn.* 355; 40 *N. H.* 403; 26 *Ala.* 686; 21 *Penn.* 90; 14 *Ill.* 466.

This Court has qualified this doctrine somewhat in the case of 12 *Mich.* 328. It was there held that one tenant in common of wheat threshed, and in one pile, can recover in trover of his co-tenant for refusing to deliver the portion due and claiming the whole.

This decision does not affect the doctrine we seek to maintain. Saw logs are far from being of the same size and quality. An equitable division must be a work of difficulty. No delivery could have been made by defendants to plaintiff until a division had been made. Plaintiff never asked for such division.

We submit that, under this state of facts, plaintiff is

not entitled to recover. The court below, in giving judgment in his favor, violated a principle of law settled by a concurrence of all of a great number of authorities, and founded on principles necessarily derived from the nature of tenancy in common.

2. Some portion of the evidence tended to show that the alleged conversion, or at least part of it, took place more than six years before the commencement of suit. The declaration alleged the conversion to have taken place within the six years. When the evidence referred to was offered, defendants objected, and when the objection was overruled, asked leave to add to their plea a notice of the statute of limitations. The request was refused.

The court below erred in this refusal, and we ask that defendants now have all the benefits to which such plea would have entitled them. — 21 *Pick.* 404.

3. It is impossible to tell, from the case, by what rule of law the damages were computed; but as plaintiff may contend that he is entitled to the highest price of logs at any time since the alleged conversion, we cite the authorities sustaining the true rule, as we deem it, that the measure of damages is the value of the article at the time of the conversion, and interest. — *Sedg. on Dam.* 505; 13 *Gray,* 313; 26 *Conn.* 389, 483; 29 *Id.* 479; 18 *Md.* 468; 26 *Barb.* 648; 19 *Maine,* 361; 35 *N. H.* 226.

COOLEY J.

We are not satisfied from the evidence in this case that there was an agreement between the parties under which the logs in controversy were to be charged to the plaintiff in account. The weight of evidence is the other way. We will, therefore, proceed to dispose of the legal questions raised.

1. The application of the defendants for leave to interpose the defense of the statute of limitations, after having

pleaded the general issue, was one addressed to the discretion of the court below, and its denial can not be reviewed by this court. While liberality should be exercised by the Circuit Courts in granting amendments for the furtherance of justice, yet as each application must depend upon its own circumstances, and can best be disposed of by the court which has had the case before it from the commencement, the practice has wisely vested such court with a power of final disposition with which we have no inclination to interfere.

2. The proof of conversion by the defendants was ample, and we have no doubt of the right of the plaintiff to maintain the action on well settled principles. The logs were to be boomed at Port Huron, and divided there. Instead of complying with their contract in this particular, the defendants took the logs to Trenton, from whence their return to Port Huron for the purpose of delivery to the plaintiff was impracticable. Moreover, they set up a claim to them as their own exclusively, under a contract of purchase, and assumed to give the plaintiff credit for them on their books. The case, therefore, is not simply one where a tenant in common has excluded the co-tenant from a joint possession, but it is the case of a co-tenant, bound by contract to divide the joint property at a certain place, appropriating it altogether to his own exclusive use, under a claim of exclusive right and under circumstances which render a division and delivery in the manner agreed upon practically impossible. The case is within the principle of *Fiquet v. Allison*, 12 *Mich.* 328, and *Webb v. Mann*, 3 *Id.* 139, and we have no disposition to narrow or limit those decisions in any way. The greater difficulty, which was suggested on the argument, of dividing logs by the quantity over that of dividing wheat, is one of degree only, and can not affect the principle.

3. There is nothing upon this record to show precisely what rule of damages was adopted by the Circuit Judge,

and while we do not feel called upon in this case to say that there is any inflexible rule applicable to all cases of wrongful conversion, we think that where there are no special circumstances which require a different measure of damages to be applied, it is proper to award to the plaintiff the value of the property at the time of conversion, with interest from that time; in other words, to award to him a sum of money which, at the time he is wrongfully deprived of his property, would enable him to procure an equal amount of the same value.— *Kennedy v. Whitwell*, 4 *Pick.* 466; *Sargent v. Franklin Insurance Co.* 8 *Id.* 90; *Pierce v. Benjamin*, 14 *Id.* 356; *Greenfield Bank v. Leavitt*, 17 *Id.* 1; *Johnson v. Sumner*, 1 *Metc.* 172; *Barry v. Bennett*, 7 *Id.* 354; *Fowler v. Gilman*, 13 *Id.* 267; *Watt v. Potter*, 2 *Mason*, 76; *Banks v. Hatton*, 1 *Nott and McCord*, 221; *Lillard v. Whittaker*, 3 *Bibb*, 92; *Sproule v. Ford*, 3 *Lit.* 25; *Outton v. Barnes*, *Lit. Sel. Cas.* 137.

We have applied this rule to the evidence in the case, and testing by it the result arrived at by the Circuit Judge, we are inclined to think his conclusion as near correct as any to be deduced from this record. The defendants had credited the plaintiff with 475,054 feet of logs, got out under the contract in 1855 – 6. Leighton's testimony shows 261,000 feet got out in 1857 – 8, of which only 26,463 were credited. While this last amount would be subject to a deduction for loss in running them down, we may fairly offset to this a probability of the evidence, all of which comes from the defendants or their witnesses, not showing the full amount. At any rate, where defendants fail to give account of the quantity obtained, and the plaintiff is obliged to rely upon uncertain oral evidence, it is not proper that legal intendments should be stretched to favor the party in default. We assume, therefore, that the whole amount obtained from the land was 436,054 feet, which is very far below the estimates of those who judged by the

standing timber or the stumps, but probably much nearer correct.    Plaintiff would be entitled to two-fifths of this amount, or 174,422 feet.    The logs should have been divided during the season of 1858, when their value was about $7.75 per thousand feet.    Taking the 1st of January, 1859, as the time of conversion, and the calculation is as follows:

| | |
|---|---|
| 174,422 feet, at $7.75, . . . . . | $1,351 77 |
| Interest to Nov. 18, 1865, (date of judgment) | 647 16 |
| The total is . . . . . . | $1,998 93 |

Or $1.07 less than the estimate of the Circuit Judge. If we fixed upon either an earlier or a later period as the time of conversion, this sum would be slightly increased ; as, if fixed earlier, there must be a computation of interest for a longer period, and later, the price of logs advanced.

The judgment must be affirmed, with costs.

MARTIN Ch. J.

After a careful examination of this case, we find no error in the judgment of the Circuit Judge.    If any exists, it is rather to the favor of the defendants than adverse.    The case is one resting almost entirely upon facts, and a review of them would be of no value.    It is sufficient to say that we are satisfied with the judgment, and not inclined to disturb it.

The evidence of conversion is ample.    The fact of the logs being run by the defendants from Port Huron to Trenton for their own purposes, and without the knowledge or consent of the plaintiff, sufficiently settles this question.    By so doing, the property was placed beyond the reach of the plaintiff.    They had disenabled themselves to perform their contract, and thus deprived Ripley of his proportion of the logs.    The fact of

removing them from the boom at Port Huron, and running them to defendants' mill, at Trenton, is conclusive of this. There could be no other intention than of conversion. *See Webb v. Mann*, 3 *Mich.* 139; *Weld v. Oliver*, 21 *Pick.* 559; *Lowe v. Miller*, 3 *Grattan*, 205; *Agnew v. Johnson*, 17 *Penn.* 373; and *Fiquet v. Allison*, 12 *Mich.* 328.

The question as to the application to amend the notice, so as to substantially plead the statute of limitations, was one clearly within the discretion of the court below; and over such we have no power.

For myself, protesting, as I have often heretofore, against the jurisdiction of this court over questions of this kind, I concur with my brethren that there is no error in the judgment of the court below, and that it must be affirmed, with costs.

The other Justices concurred in the foregoing opinions.