## William Case v. Wellington R. Burt and others.

*Drawee of bill of exchange: Time allowed to examine his accounts before accepting: Protest.* Where a drawee of a bill of exchange does not refuse acceptance, but desires time to examine into the state of his accounts before deciding, he is entitled to twenty-four hours for that purpose.

Where the person presenting a bill agreed to present it again, no protest can be made without a new demand.

*Heard October 25th to 31st. Decided November 10th.*

Case made from Saginaw Circuit.

Plaintiff sued defendants for damages arising out of their failure to deliver lumber under a contract. The defense set up was that plaintiff made default himself, and that subsequently a new contract was entered into materially variant

CASE v. BURT.

from the first, which had been superseded by the new arrangement. The court below adopted this view and gave judgment for the defendants. The case was brought into this court for review upon the facts and upon the law, and the court found that there had been no default on the part of the plaintiff, and that no new contract had ever been made. As the case rested mainly upon questions of fact, it has not been thought desirable to report the opinion at length. But one ground whereon defendants relied as proof of a default involved a question of law, and so much of the decision as bears upon this question is therefore appended.

Among other things, it was provided by the contract that upon each shipment of lumber defendants were entitled to draw upon plaintiff who was to accept their paper on time not exceeding ten days' sight. Plaintiff resided at Norwalk, Ohio, and the drafts were usually drawn and negotiated at East Saginaw (where defendants did business), to be presented and paid at Norwalk. Lumber having risen in price, and defendants being anxious (as found by the court) to get rid of the contract, determined to manage, if possible, so as to get plaintiff into a default, and procured a protest of a draft, which they thereupon set up, (among other pretexts decided by the court to have been unfounded), as an excuse for declaring the contract forfeited. The questions of law arising out of this transaction are the only ones presented in the case, and so much of the opinion as explains them is subjoined.

*G. V. N. Lothrop* and *W. L. Webber*, for plaintiff.
*A. S. Gaylord* and *C. I. Walker*, for defendants.

CAMPBELL J.

On the second of November a vessel called the Jesse took on board a cargo of lumber for plaintiff. On the 4th Gilbert, the managing man of the defendants, presented

a draft to plaintiff for this cargo, and plaintiff told him to forward it to Norwalk, as he had done the rest. Gilbert said "very well" and deposited it in bank. Herman Gelpeke, who was President of the company, and also an active manager, subsequently, on the same day, directed Gilbert to get the draft from the bank, for the purpose of getting a protest on it. Gilbert did so and procured John J. Wheeler, a notary, to present it to plaintiff that evening after business hours at his hotel. Plaintiff informed the notary that he was not certain as to the correctness of the amount of the draft, and desired to examine the shipping bills, which he could do in the morning, and would then accept the bill if correct. The notary agreed to call again in the morning for that purpose. But that evening Gilbert and Gelpeke went to him, and induced him to protest the draft for non-acceptance, and return it to them. The next day plaintiff was notified that no more lumber would be delivered to him on the contract, and although he made application, none was delivered to him until after November 16th, when defendants allege a new agreement was made, which plaintiff denies. Defendants alleged to plaintiff as a reason for refusal, the non-acceptance of this draft, and the alleged accumulation of lumber on the docks previously, beyond the amount fixed by the contract.

It appears that plaintiff neither refused nor intended to refuse acceptance of the draft of November 4th. The notary left him, promising to present the paper the next morning, when plaintiff would have had an opportunity of learning whether the amount was correct. Where a drawee does not refuse, but merely requires time to examine his accounts he is entitled to twenty-four hours. *Chitty on Bills*, 306, 311. And here, the consent of the notary would preclude a protest until revoked by a new demand, even were there no such rule in existence.

The defendants, therefore, in at once refusing to deliver more lumber, themselves broke their contract.

THE PEOPLE *v.* THE COUNTY OFFICERS OF ST. CLAIR.

[Having examined the various questions of fact, and estimated the damages upon the evidence at $14,888.44, the opinion concludes as follows.]

The judgment below must be reversed, and a new judgment entered in this court in favor of plaintiff against defendants for this amount of damages, with costs of both courts.

The other Justices concurred.