DETROIT, HILLSDALE & INDIANA R. R. CO. v. FORBES.

# The Detroit, Hillsdale & Indiana Railroad Company v. David K. Forbes.

*Declaration: Amendments: Statement of consideration.* To permit an amendment of the declaration at the commencement of the trial on appeal in the circuit, upon the objection being raised that it disclosed no cause of action, which simply changed the statement of the consideration for the defendant's alleged promise from an executed to an executory consideration, viz.: that plaintiff "would convey," instead of "had conveyed," could not mislead or surprise defendant, and is not error.

*Amendments: Allowing time to plead.* On allowing such an amendment it is not error to refuse time to plead, as provided by rules for pleading in vacation to an original declaration.

*Declaration: Demurrer.* A declaration upon a promise by defendant to move a certain barn and sheds of plaintiff from certain premises of plaintiff and put the said barn in good repair, in consideration that the plaintiff would convey to defendant the right of way for their railroad track across said premises of plaintiff, which avers performance of the consideration and breach of the promise, is held good on general demurrer.

*Declaration: Objection to evidence.* A general objection to the admission of any evidence under such a declaration, for the reason that it discloses no cause of action, is not maintainable.

*Declaration: Allowing amendments: Discretion.* The allowance of an amendment to the declaration, after the evidence is all in, merely to avoid a variance as to some circumstances connected with the cause of action, where evidence of the whole transaction had been given, and it disclosed or referred to but the one contract, and the amendment could not tend to defeat the purposes of justice or operate as any real hardship or surprise upon the defendant, is within the discretion of the court, and is not an abuse of that discretion.

*Declaration: Evidence: Variance.* Under a declaration of two counts, one upon a promise to move a barn, and sheds thereto attached, and to put the barn in good repair, and the other upon a promise to move the barn and to put the barn and sheds in as good repair as they then were, and in the absence of any allegation of a promise to move both the barn and sheds and to put them both in repair, the inquiry how much it cost to move the sheds and put them in repair is not admissible against objection.

*Declaration: Several separate promises.* Where a defendant's undertaking was to do several separate and independent things, and the declaration only complains of his failure to do part of them, the stipulations as to the others need not be set out.

*Declaration: Consideration: Several promises.* But where the consideration for the promise sued upon consists of an agreement to do several distinct things, the stipulations as to all must be set out, as the whole consideration must be truly stated.

*Declaration: Consideration: Performance: Variance: Evidence.* Under an allegation stating the consideration of the promise sued upon to be an agreement of plaintiff's to convey the right of way for defendant's railroad track, proof of a conveyance of the fee of the land as performance of this agreement, is not objectionable as a variance; proof of performance of more than the consideration, so long as it includes the agreed consideration, is not open to complaint on the part of the defendant.

DETROIT, HILLSDALE & INDIANA R. R. CO. *v.* FORBES.

*Deed : Parol exception.* A parol agreement for the reservation or exception of a barn and sheds from the operation of a deed is void under the statute of frauds ; and the question whether an undertaking sued upon is of that character, is to be determined not by the name given to it by the-parties or their respective witnesses, but by the nature and substance of the transaction itself.

*Deed construed : Floating right : Title.* A deed of "one hundred feet in width, being fifty feet on each side of the line which may be hereafter established by said company for the route of their railroad, over and across the following described land,"—describing specifically a forty-acre tract,—conveys a mere floating right which could only be rendered effectual and made to operate as a conveyance of title to any part by the actual location of the route of the road across such tract of land ; and until such location the title of the whole tract would remain in the grantor.

*Deed : Exception : Reservation : Statute of frauds : Agreement to move a barn, etc.* An undertaking, therefore, to remove a barn and sheds situate upon such forty-acre tract, in consideration of the giving of such deed, cannot be construed to be an exception or reservation from the operation of the deed, in the absence of any showing of the actual location of the route of the railroad, or that it was so located as to include the ground where the barn and sheds stood ; nor is such undertaking required to be in writing.

*Statute of frauds : Invalid oral promise : Consideration.* Whether a mere verbal promise of a character which by the statute of frauds is required to be in writing to be of any force, constitutes of itself a sufficient consideration for the promise of the defendant, so as to render the latter promise binding at the time it is made:—*Quære ?*

*Invalid verbal agreement : Performance : Consideration.* But where such verbal promise has been fully performed within a reasonable time and before the defendant has retracted, and such performance has been accepted, the promise of the defendant, made in consideration of it, becomes binding and enforceable.

*Variance : Objection : Exception.* A suggested ground of variance is not considered, for the reason that no objection was taken below on such ground, and no exception taken or error assigned which raises such specific objection.

*Submitted on briefs July 9. Decided October 7.*

Error to Hillsdale Circuit.

*Forbes brought his action of assumpsit against the company before a justice, and the defendant not appearing on the trial, recovered judgment, which was taken by appeal to the circuit court of Hillsdale county. The declaration in the justice's court set forth that " on the 1st November, 1870, the said defendants, in consideration that the plaintiff *had conveyed* to them the right of way for the railroad track across certain lands of said plaintiff, undertook and promised to *move a certain barn* of said plaintiff thereon situated, and to *put .the said barn, and*

* This statement of the case was prepared by Judge Christiancy.

*the sheds thereto attached,* in good repair," and then assigned, as a breach, that defendants " have not moved said barn and put the same in good repair." To this declaration the defendant did not plead in the justice's court, but, by consent, pleaded the general issue in the circuit. On the trial at the circuit, plaintiff offered in evidence a quit-claim deed from himself to the company, dated October 28, 1869, purporting to bargain, sell, convey and quit-claim " all those certain lands and premises situate in the county of Hillsdale, * * described as follows, to wit: One hundred feet in width, being fifty feet on *each side of the line, which may be hereafter established by said company for the route of their railroad,* over and across the follow-ing described land, to wit: the southwest quarter of the northwest quarter of section twenty-five," etc. [giving township and range], " provided, that said land hereby conveyed shall be used for the purpose of constructing and maintaining a railroad, and the appurtenances thereto, and for no other purpose whatever."

To the introduction of this deed, and all testimony under the declaration, the defendant objected, for the reason that the declaration disclosed no cause of action; whereupon the court allowed the plaintiff to file an amended declaration, which he did, the defendant excepting to this ruling of the court; and after the amended declaration, defendant asked for time to answer the same, according to the course and practice of the court, which was refused, and defendant excepted. But the court allowed defendant to file a general demurrer, which was overruled, defendant excepting. Defendant then pleaded the general issue.

This amended declaration sets out the contract declared upon as follows: that on the 15th November, 1870, at, etc., " the said defendants, in consideration that the plaintiff *would convey* to them, said defendants, the right of way for their railroad track across certain lands of said plaintiff, undertook and promised said plaintiff *to move a certain barn and sheds thereto attached,* of said plaintiff,

thereon situated, and to put the said barn in good repair; that the plaintiff afterwards, on the same day, in consideration of the promises, did convey to said defendants the said right of way for the said railroad track." "But said defendants have not *moved said barn* and put *the same in good repair.*"

To maintain the declaration, the plaintiff again offered in evidence his deed to the company, above described, which was again objected to, for the reason that the amended declaration discloses no cause of action, but the deed was admitted, to which defendant excepted.

Evidence was then given, on the part of the plaintiff (some of which was excepted to, and the exceptions, so far as found material, are noticed in the opinion of the court), tending to prove what the contract was, the consideration, how far the defendants had performed, and wherein they had failed to perform it, and the damages for non-performance. The testimony of the plaintiff himself, on his direct examination, tended to show that the contract was a verbal one, there being no writing, except the deed; that the company was to move the barn and sheds from where they were, on the land conveyed [whatever that was], to any place on plaintiff's farm where he wanted it, and pay his subscription of one hundred dollars, and pay fifty dollars in money, and leave the barn in good repair; that plaintiff, in consideration of this agreement, was to give them the deed, which he did; and his testimony on cross-examination tended to show, that, as a part of the agreement, the company were to leave the sheds, as well as the barn, in good repair.

The testimony of the plaintiff's son was substantially like that of his father, as to the contract.

The barn was moved by the company, but not the sheds, and plaintiff's evidence tended to show that one of the sills was broken in moving, and that it cost plaintiff sixteen dollars to get a new one, and that the barn was not left in good repair, but that it cost him one hundred dollars to

repair it; that the sheds were left, got snowed under, and were blown down, and the teams at work on the railroad ran over them; that plaintiff moved the sheds afterwards, and then it cost him thirty-five dollars to move and put them in repair.

On the part of the defendant the agent of the company, with whom the contract was made, was sworn, and his testimony tended to show that the contract was that plaintiff was to deed to the company the right of way, he reserving the barn, and that the company was to move it for him, cancel his subscription of one hundred dollars, and pay him fifty dollars in money; that this was orally agreed upon before and at the time of the deed; that, as to the removal of the barn, the company was to move it in as good a condition as its nature admitted, leaving it as good as it then was, barring accidents incident to removal; that the barn was old and the sills rotten; that nothing was said about removing the sheds, and that plaintiff had never said any thing, or made any complaint to him, about the removal of the sheds.

There was no proof on the trial of the incorporation or corporate existence of the company.

The testimony being all closed, and the defendant having requested certain charges to be given, which were refused, the plaintiff, before the case was argued, moved and was allowed to amend his declaration by adding a second count.

This count was substantially the same as the first count, above stated, except it states the contract as to the removal to be " to move the barn, and to put said barn and *sheds* thereto attached in as good repair as the barn and sheds then (to wit: at the time and place aforesaid) were." And the breach assigned is for not moving the barn *and sheds* and not putting them in as good repair as they were," etc.

*E. L. & M. B. Koon,* for plaintiff in error.

*Knickerbocker & March,* for defendant in error.

30 MICH.—22.

CHRISTIANCY, J.

There was no error in allowing the plaintiff below to-amend his declaration at the commencement of the trial, when the objection was made that it disclosed no cause of action. The only substantial change made by the amendment was to make the statement of the consideration of the defendant's promise executory, instead of an executed consideration, that "plaintiff would convey," instead of "had conveyed." The defendant could not possibly, from the nature of the case, have been misled, or taken by surprise. And the court was correct, also, in refusing the time to plead as fixed by rules of court applicable to pleading in vacation. The court was also clearly right in overruling the demurrer, as well as the objection to the admission of evidence under the amended declaration, on the alleged ground that it did not disclose a cause of action. The declaration, as amended, sufficiently stated a good cause of action, if sustained by the requisite proof.

While upon this question of amendment, we will also dispose of the amendment made, by adding a second count, after the evidence was all in. This was doubtless done for the purpose of enabling the plaintiff to recover upon a state of facts which it was supposed the jury might find from the evidence, but which was variant from the cause of action, as set forth in the declaration as it then stood. The evidence of the whole transaction had been given, and there is no pretense that it disclosed or referred to more than one contract, and what was done or omitted under it, and therefore it is difficult to see how an amendment, made under such circumstances, merely to avoid a variance as to some circumstances connected with the cause of action, and to enable the plaintiff to recover according to the contract as proved, could operate as any real hardship or surprise upon the defendant. On the contrary, without the allowance of such an amendment on the trial, it often operates as a real hardship upon a plaintiff, and

tends to defeat the ends of justice, to be turned out of court and put to the expense of a new suit, when the evidence in the cause shows a good cause of action, differing slightly from that set out in the declaration in some particular in which the evidence may have turned out different from what he expected.

And while such amendments should be granted with great caution, and never when the court have reason to believe that it will tend to defeat the purposes of justice, or operate as a real surprise upon the defendant; yet, when there is no reason to apprehend such a result; and the defendant fails to show the court, by affidavit or otherwise, that it is likely so to operate, I think it is in the sound discretion of the judge to allow the amendment; and I can see no abuse of that discretion in the present case.

It may, however, be questioned whether the amendment made by the second count was such as to fully accomplish the object in view by wholly avoiding a variance between the evidence as given and the contract set up in this second count. The contract stated in the first count, was, to "move a certain barn and sheds thereto attached, and to put the said barn in good repair." The second count, by amendment, states the defendant's contract to be, to "move a certain barn of the plaintiff, and to put the said barn and the sheds thereto attached in as good repair as they were at the time of the contract." In neither count is it alleged, either expressly or by implication, that the contract was both to move the barn and sheds, and to put or leave them in good repair, or repair of any kind. Nor does either count allege both that the sheds were to be moved and put or left in repair; one count alleges they were to be moved, but does not state they were to be left in repair, the other that they were to be left in repair, but not that they were to be moved.

The evidence of the contract should be applicable to one or the other count, to warrant a recovery upon either.

The evidence on the part of the plaintiff tended to show that both were to be removed and both left in good repair; that on the part of defendant, that the barn was to be moved, and this only in as good condition (considering its age and the circumstances) as it would admit, leaving it as good as it then was, " barring accidents incident to removal." It was perhaps possible the jury might, by believing part of the evidence only upon one side, and part only upon the other, find the contract as stated in the second count. But there is no theory upon which the plaintiff could be entitled to recover, under either count, damages for the breach of a contract for moving *both* barn *and* sheds, and for putting or leaving *both* in repair, or for both removing and putting or leaving the sheds in repair. The question therefore put to the plaintiff as a witness, "how much it cost him to move the sheds and put them in repair," was properly objected to by defendant as " incompetent and irrelevant," and the answer, that it cost thirty-five dollars, was erroneously admitted.

It is claimed also, as a variance, that the declaration, in setting out what the defendant was by the contract to do, relates only to the removal of the barn and sheds, leaving in repair, etc.; whereas, the proof shows that the defendant was also to cancel the plaintiff's subscription and pay fifty dollars in money. But the plaintiff claimed no breach on either of the latter grounds; the only breaches assigned, and for which damages are claimed, are of that part of the agreement in reference to the barn and sheds. The court therefore properly charged in substance that it would not be a variance if the proof shows that the defendant promised to do certain things besides those set up in the declaration, as, to cancel the plaintiff's subscription and to pay fifty dollars. When the defendant agrees to do several separate and independent things, and the declaration complains only of his failure to do one of them, the stipulations as to the others need not be set out.—*1 Chitty Pl., 304 (13th Amer. ed.)* ; *1 Greenl. Ev., Sec. 66.*

It would be otherwise, if the several things agreed to be done constitute the consideration for an agreement or promise sued upon, as the whole consideration must then be truly stated. Again, it is urged as a variance, that the declaration, in stating the consideration for the defendant's promise, states it as an agreement on his part to convey to the defendant the *right of way for their railroad track,* across certain lands of the plaintiff's, whereas the evidence introduced, viz.: the deed executed by the plaintiff, is a conveyance to the company of the land itself, which might be used for many other purposes as well as the right of way. But it is a confusion of ideas to call this a variance. The evidence on both sides alike shows that what the plaintiff, on his part, agreed to do (and which was the consideration of defendant's promise), was to give the company a deed of the right of way, while the deed itself (which the evidence shows was accepted by the company), was introduced in evidence to show the performance of this agreement on the part of the plaintiff; and if it shows the conveyance of the land itself, with other and further rights than that of way, it certainly includes the right of way, if the greater contains the less; and it is no objection on the ground of variance, and no objection which the defendant can be heard to make on any ground, that the plaintiff has performed more than he contracted to perform, so long as this includes what he agreed to perform. The plaintiff has not only performed what he agreed to, but something more, and more beneficial to the defendant.

This brings us to the consideration of the effect of the deed of conveyance, and the question of the statute of frauds, as connected with the defendant's agreement for moving the barn and sheds, leaving in repair, etc.; which is one of the main questions raised and discussed by the plaintiff in error, both here and in the court below.

It is insisted (and several of the exceptions are taken, and errors assigned, upon this ground) that the deed conveyed the land upon which the barn and sheds were situ-

ated, and consequently passed to the defendant the barn and sheds, except as they are taken out of its operation by the agreement, which amounts, in law, only to a parol reservation of the barn and sheds, which is incompetent and void under the statute of frauds. A reservation, in the strict legal sense, it cannot be.—*3 Washb., R. Pr., 369 to 371 and 375, and authorities cited.* But the counsel probably uses the term in the sense of "exception," as it is often popularly used in this country, and sometimes by the courts. And if the transaction shown amounts, in legal effect, to a mere parol reservation or exception, there can be no doubt that this consequence would follow, and the agreement for such parol exception would be void. And, in considering this question, it is quite immaterial by what name the witnesses have called it; we are to look to the nature and substance of the transaction itself. The circuit judge held that the plaintiff's claim was not based upon a parol reservation, but upon a contract to move the buildings onto plaintiff's land, etc.

But does the transaction, which the evidence tended to show, amount to a reservation, or rather an exception, of part of the thing granted. Upon the question what the deed conveyed, and whether it conveyed the land on which these buildings were situated, and consequently the buildings, the deed must speak for itself.

The deed, upon its face, conveyed no specific piece or parcel of land, and of itself does not speak as a present conveyance of any land whatever; all it assumes or purports to convey is described as follows, to wit: "one hundred feet in width, being fifty feet on each side of the line, which *may be hereafter established* by said company *for* the *route of their* railroad, over and across the following described land, to wit:"—describing specifically a forty-acre tract; until, therefore, the company should thereafter establish the line for the route of their road, the deed conveyed no land whatever, but only the right thereafter to locate their road over any portion of said tract, which

location, when it should be thereafter made, would, together with the deed, operate as a conveyance of the one hundred feet lying equally on each side of the center line. Until such future actual location, the right conveyed operated as a mere floating right, which could only be rendered effectual, and made to operate as a conveyance of title to any part, by the actual location of the route of the road across the tract of land described, which location would for the first time render the deed applicable to a specific piece of land, and make it operate as a conveyance of title.

No evidence was shown giving any actual location of the route of this road, or that it was ever so located as to include the ground where this building stood, except as the fact may be inferred from the evidence that the company took possession of the ground after the deed was executed, —it does not appear how long after,—and removed the barn, and that the teams working on the railroad ran over the sheds which were down.

Until such actual location, therefore, the title of the whole forty acres remained in the plaintiff below, and it was competent for him to do with or upon it all he could have done before the deed was executed. He could sell or remove any of the buildings. He could hire or contract for their removal, as any land owner might do with his own building on his own land; and I am not aware of any clause or provision of the statute of frauds which would require the agreement, contract or provision of the defendant for removal, to be in writing, unless the time for performance exceeded one year. It is, I think, very clear that the contract of the defendant upon which the suit is brought was not required to be in writing; and the only way the statute can have any bearing is upon the question of consideration for the agreement of the defendant. This consideration was the undertaking or promise of the plaintiff to convey the right of way, and this being an interest in land, it may be, that, in order to be binding upon him, it should have been in writing. Our statute of frauds, it is

true (*Comp. L., 1871*, § *4702*), provides that " the considera-
tion of any contract, agreement or promise required by this
chapter to be in writing, need not be expressed in the
written contract, etc., or in any note or memorandum thereof,
but may be proved by any other legal evidence." It may,
for the purposes of this case, be assumed (for the case does
not call for a decision upon the point), that where the only
consideration for the defendant's promise is the promise or
undertaking of the plaintiff, and that is one which, to be
valid when made, must be in writing, a mere verbal promise,
which is of no legal validity, would not of itself constitute
a sufficient consideration for the promise of the defendant,
so as to render the latter binding at the time it is made,
because there would be a want of that mutuality which is
generally essential to the validity of contracts.

But it is not always essential that this mutuality should
exist from the moment the promise sued upon is made, nor
that the promise of the plaintiff, which is the consideration
for that of the defendant, should have been binding when
made; it is in many cases sufficient, if it be actually exe-
cuted or performed, or became thus binding before, or even
*by,* the bringing of a suit. Thus in *The Fishmongers Co.
v. Robertson and others, 5 Man. & Gr., 131,* where the promise
of the plaintiff, a corporation, which was the consideration
of the defendants' contract, was invalid and did not bind
the plaintiff, who had nevertheless performed the agreement
on their part, it was held that the defendants, having received
the consideration, were bound by the contract, and the
plaintiff was entitled to sue upon it. It was also said
(though this was not necessary) that if the contract had
remained executory, the bringing suit upon it by the cor-
poration would have amounted to an admission upon the
record of their liability under it, so as to estop them in a
cross action. Also, that up to the time of the corporation
adopting the contract by performing it, there was a want
of mutuality, and defendants might, during that interval,
have retracted.

And so in *Phelps v. Townsend, 8 Pick., 392,* where the defendant, by an agreement signed only by himself, placed his son as an apprentice to the plaintiffs, promising that his son should stay with them till he was twenty-one, which he failed to do, but the plaintiffs having received the son as such apprentice, and thus accepted and partly performed the terms of the contract, the court held that this created an obligation on their part to maintain and instruct the defendant's son, and this constituted a sufficient consideration, and rendered the contract mutual.    And *Parsons,* in his work on contracts, *Vol. 1, pp. 450 and 451,* mentions numerous cases involving a similar principle, and says, "the party making the promise" [as the defendant in the present case] "is bound to nothing until the promisee within a reasonable time engages to do, or else does or begins to do, the thing which is the condition of the first promise.    Until such engagement" [meaning a binding engagement in other respects] "or such doing, the promisor may withdraw his promise, because there is no mutuality, and therefore no consideration for it.    But after an engagement on the part of the promisee which is sufficient to bind him, then the promisor is bound also, because there is now a promise for a promise, with entire mutuality of obligation.    So, if the promisee begins to do the thing, in a way which binds him to complete it, here also is a mutuality of obligation.    But if without any promise whatever" [meaning on the part of the promisee], "the promisee does the thing required, then the promisor is bound on another ground.    The thing done is itself a sufficient and completed consideration; and the original promise to do something, if the other party would do something, is a *continuing* promise, until that other party does the thing required of him;" and he proceeds to show. that a large proportion of our commonest contracts, such as contracts for sale of personal property, rest upon a like principle.—See the cases cited by *Mr. Parsons, ubi supra.*

30 MICH.—23.

All the evidence shows that the deed was accepted by the defendant as the full performance and execution of what was to constitute the consideration of the defendant's contract or promise, and though up to the time that it was thus performed,—which, as the evidence tended to show, was the afternoon of the same day in the forenoon of which defendant's promise was made,—the defendant might have retracted; yet, not having done so, a tender of performance by the plaintiff would have entitled him to sue upon the promise of the defendant; and actual performance gives him no less right.

It may be objected that the view I have taken of the effect of the deed, as conveying no land until the route of the road should be thereafter located, is not according to the contract as set out in the declaration, which is, that, " in consideration that the plaintiff would convey the right of way for their railroad track *across certain lands of* said plaintiff the defendant undertook and promised   *  .  *   *to* move a certain barn of the plaintiff" (or barn and sheds, in one count) "*thereon situated.*"   But this may mean either situated on the tract of land across which the right of way is conveyed, or on that part of it to be conveyed for a right of way; the former would seem to be as natural a meaning of the words themselves, as the latter.   But assuming that the latter is its meaning, no objection is taken for any variance on this ground, nor is any exception taken or error assigned which raises this objection, or any objection on this ground.

But, for the comparatively small error already noticed, the judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.