EDWIN F. PRATT v. FRANK D. M. DAVIS, CIRCUIT JUDGE OF MONTCALM COUNTY.

*Pleading—Amendment—Statute of limitations.*

1. An amendment of a declaration which introduces a new cause of action cannot be permitted after the statute of limitations has run against the cause of action so sought to be set up; citing *Gorman v. Circuit Judge,* 27 Mich. 138; *Nugent v. Circuit Judge,* 93 Id. 462.

2. Where the amendment does not introduce a new cause of action, the running of the statute of limitations is arrested at the date of the institution of the suit; citing 1 Enc. Pl. & Pr. 621.

3. The declaration in a personal injury case averred that the injury was received by reason of the failure of the defendants to provide plaintiff a safe place in which to work, and set out at considerable length the facts relied upon to make a case. And it is held that an amendment alleging that, in the performance of all the matters aforesaid, plaintiff was in the exercise of due care, and did not in any way contribute to any of the injuries thereinbefore and thereinafter stated, and that he was, on the day and year aforesaid, while in the exercise of due care, caution, and prudence, injured, etc., does not introduce a new cause of action.

*Mandamus.* Argued April 16, 1895. Denied May 28, 1895.

Relator applied for *mandamus* to compel respondent to

vacate an order denying an amendment of plaintiff's declaration. The facts are stated in the opinion.

*Atkinson & Wolcott,* for relator.

*Lewis & Whittlesey* and *S. F. Kennedy,* for respondent.

MONTGOMERY, J. The relator commenced suit by summons against Allan McComber and John J. Bale, on the 7th of June, 1893, and subsequently filed a declaration alleging that an injury resulted to plaintiff while in the employ of the defendants, by reason of the failure of the defendants to provide plaintiff a safe place to work. The declaration set out the facts relied upon at considerable length, but was thought by plaintiff's attorneys to be faulty, and an application was made to amend by inserting an averment, as follows:

"And the plaintiff alleges that, in the performance of all the matters aforesaid, he was in the exercise of due care, and did not in any way contribute to any of the injuries hereinbefore and hereinafter stated."

And, in another place:

"And the plaintiff was, on the day and year aforesaid, while in the exercise of due care, caution, and prudence, injured," etc.

The circuit judge denied the application, and, after moving to vacate the order, relator applied to this Court for a *mandamus* to require the respondent to vacate the later order, and enter an order permitting an amendment.

It is evident from the circuit judge's return that the chief reason for denying the motion was that the plaintiff's cause of action, if commenced at the time of the proposed amendment, would have been barred by the statute of limitations, and that the proposed amendment stated a new cause of action, and that, therefore, it was beyond the power of the respondent to permit the amendment. It has been held in a number of cases that an

amendment introducing a new cause of action cannot be permitted after the statute of limitations has run against the cause of action so sought to be set up. *Gorman v. Circuit Judge,* 27 Mich. 138; *Nugent v. Circuit Judge,* 93 Id. 462, and cases cited. But in the present case the amendment does not, in our judgment, introduce a new cause of action. The declaration, as amended, relates to precisely the same state of facts, and no new theory is evolved by the proposed amendments, which simply amplify the averments contained in the original declaration by statements in no way inconsistent with those originally set out. It is a question of acknowledged difficulty to ascertain in just what cases an amendment may be said to set out a new cause of action, but we think the result of the authorities is well summarized in 1 Enc. Pl. & Prac. 564, as follows:

"As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid, to meet the possible scope and varying phases of the testimony."

See, also, *Wood v. Circuit Judge,* 84 Mich. 521; *Abbott v. Circuit Judge,* 55 Id. 410; *Randall v. Circuit Judge,* 96 Id. 284. And, where the amendment does not introduce a new cause of action, the running of the statute of limitations is arrested at the date of the institution of the suit. See 1 Enc. Pl. & Prac. 621.

But, inasmuch as the circuit judge returns that his determination was reached upon consideration of other questions, we are not authorized to interfere with his discretion.

The writ will be denied.

McGRATH, C. J., LONG and GRANT, JJ., concurred with MONTGOMERY, J.

HOOKER, J. I agree with my Brother MONTGOMERY that the amendments asked by the relator were such as might have been granted, and that there was no room for the application of the statute of limitations. I am also of the opinion that the relator is not entitled to the writ of *mandamus*. The question of amendment is one wholly within the discretion of the trial court. How. Stat. § 7631 *et seq.*; *Detroit, Hillsdale & Indiana R. R. Co. v. Forbes*, 30 Mich. 165; *Polhemus v. Bank*, 27 Id. 44; *King v. Circuit Judge*, 41 Id. 727. This being conceded, the determination of the circuit judge is not subject to review, except in cases of abuse of discretion, or where it results in depriving a party of a right of action, in either of which cases it has been held to be reviewable upon error. See *Pangborn v. Insurance Co.*, 67 Mich. 683; *Browne v. Moore*, 32 Id. 254. Until recently, these questions have been raised after judgment upon error. Thus, in *Ripley v. Davis*, 15 Mich. 82, the Court held that the refusal of the circuit judge to permit the plea to be amended by the addition of a notice of the statute of limitations was a matter within the discretion of the court below "over which we have no power." In *Browne v. Moore, supra*, the Court said:

"In giving leave to change the notice, or, rather, to substitute the notice finally permitted for that which was originally attached to the plea, the court exercised a discretion, and such exercise could only be re-examined on writ of error in case it should appear that the power was abused. *Ripley v. Davis*, 15 Mich. 75; *Final v. Backus*, 18 Id. 218; *Tupper v. Kilduff*, 26 Id. 394; *Polhemus v. Bank*, 27 Id. 44."

But it is urged that there is room to believe that the circuit judge based his ruling upon a mistaken opinion of the law, and that therefore he should be set right, when, if he had simply made the ruling without comment, it would have been, in the language of Mr. Justice MARTIN, above quoted, a ruling or order "over which we have no power." This is introducing the doctrine that the power to review a discretionary ruling depends upon

whether it can be said that the judge gave a bad reason for the ruling or not. If the ruling was unjust, it is pretty certain that it is based on a bad reason, whether the judge has chosen to state it or not. As an abstract proposition, the wrong should be righted in one case as much as the other. Yet all admit that it cannot be in the one case where the reason is not given, and in my opinion it should not be in either, the reason being the rule of law that it is a matter resting in a discretion confided to the trial court over which we have no control. Authorities are numerous to the effect that the discretion is not reviewable. Merrill, Mand. § 32, says:

"When a subordinate body is vested with power to determine a question of fact, the duty is judicial, and, though it can be compelled by *mandamus* to determine the fact, it cannot be directed to decide in a particular way, however clearly it may be made to appear what that decision ought to be."

See, also, sections 110, 212.

The authorities are to the effect that the court will not inquire into such matters, except in the instances heretofore mentioned, which will be adverted to later. Id. § 37, and cases cited in note 5. The case of *Polhemus v. Bank, supra,* is instructive in this connection. The question arose upon writ of error. In that case, as in this, the court denied a motion to amend a notice by adding an affidavit denying the execution of a note sued upon for the reason that he erroneously supposed that he lacked the power. Mr. Justice GRAVES reviewed the question at length, and so fully covers the question that it need not be repeated here. His reasoning, and the numerous authorities cited, seem conclusive of the question.

If it be said that interlocutory orders such as this may go to the entire cause of action, the answer is that under the case of *Pangborn v. Insurance Co.,* 67 Mich. 683, the Court may review such question upon writ of error, and hence, under a familiar rule, *mandamus* cannot be

resorted to, for the reason that another adequate remedy exists. Merrill, Mand. § 201, and cases cited; *Welch v. Hull*, 73 Mich. 47. The same may be said of questions involving abuse of discretion. They may be corrected upon writ of error, and there can seldom be occasion to interrupt the proceedings in trial courts to review interlocutory matters. It is productive of delay in the trial courts, and involves the review of a multitude of questions, a large proportion of which would be likely to be satisfactorily disposed of by the outcome of the trials. The practice is contrary to the settled precedents in England and many of the American states, and it may be doubted if the extension of proceedings by *mandamus*, so earnestly advocated by some as a speedy and cheap method of accomplishing justice, is desirable after all. The experience of the distinguished jurists and advocates to whom we are indebted for the common law is to the contrary, as evinced by the rules of the common law upon the subject.

We are cited to the case of *Wood v. Circuit Judge*, 84 Mich. 523, as a case upon all fours with this. It must be admitted that in that case a writ of *mandamus* issued to compel the circuit judge to permit an amendment which he had denied. It was a case, however, where this Court determined that the circuit judge had denied the amendment because not within his power, and it seems to be at variance with the case of *Polhemus v. Bank* to the extent that it reviews a question of discretion where it expressly appears that the circuit court declined to exercise his discretion because of a supposed want of power; but it does no more than to sustain the right of review in such cases where the right of action would otherwise be lost, and, as already shown, is the only case that has recognized the remedy by *mandamus*. The better remedy would seem to have been error, as, under the rule in *Pangborn v. Insurance Co.*, that would have afforded a complete and adequate remedy; but there is nothing to indicate that the question was raised, or that

any objection was made to the disposition of the question upon *mandamus,* if it should be held to be reviewable.

But, whatever we may think of the question of the remedy by *mandamus,* in my opinion it does not exist where the record fails to show that the judge has not exercised, or that he has abused, his discretion. Where it clearly appears that a denial of amendment is based solely on the want of power, if the matter is reviewable at all it should be upon the ground that the court had not exercised its discretion, but had expressly refused to do so because it had no power. Even this is at variance with most of the cases. In the present case the court denied the motion. He expressed the opinion that he.had not the power because it would be the introduction of a new cause of action. But he also put it upon the ground of plaintiff's laches, which he might properly do if, in his judgment, he thought it just. *Minnock v. Insurance Co.,* 90 Mich. 236. It is, therefore, impossible to review the question without examining into the propriety of discretionary action, which, with the single exception of the case of *Pangborn v. Insurance Co.,* the decisions of this State declare cannot be done, either by *mandamus* or upon writ of error, except in cases of plain abuse. *Benedict v. Thompson,* 2 Doug. 299; *Baker v. Pierson,* 5 Mich. 456; *Duncan v. Campau,* 15 Id. 415; *Demaray v. Little,* 17 Id. 386; *Boinay v. Coats,* 17 Id. 411; *McGee v. McDonald Estate,* 66 Id. 628; *In re Lantis,* 9 Id. 324; *Farrell v. Taylor,* 12 Id. 113; *Mitchell v. Shuert,* 16 Id. 444; *Hewitt v. Circuit Judge,* 44 Id. 153; *Pettibone v. Maclem,* 45 Id. 381; *Smith v. Hubbard,* 46 Id. 306; *Sager v. Shutts,* 53 Id. 116; *Mills v. McLeod,* 94 Id. 627; *Bussey v. Bussey,* 71 Id. 504; *Nelson v. Mining Co.,* 65 Id. 288; *Graham v. Myers,* 67 Id. 277; *Wiest v. Luyendyk,* 73 Id. 661; *Minnock v. Insurance Co.,* 90 Id. 236; *Winklemeir v. Daiber,* 92 Id. 621.

I think the writ should be denied.