IRA E. RANDALL v. JAMES J. BAIRD.

*Assignment of due-bill to attorney—Pleading—Amendment of notice—Evidence—Set off—Partnership accounting.*

1. On the trial of a suit brought by an attorney as assignee of a due-bill in his own name, the defendant asked leave to add to his notice a claim that the demand had been bought or procured contrary to law; whereupon plaintiff's counsel admitted that plaintiff claimed no greater rights than his assignor would have if prosecuting the suit in her own name, and the court accepted the admission, and denied defendant's motion.

   *Held,* that the amendment asked for was in the discretion of the court, which was not abused by the ruling made.

2. In such a case the exclusion of testimony admissible under the rejected notice was not erroneous, such defense being only available when notice has been given. How. Stat. § 7189.

3. Prior to any accounting one of two copartners conveyed a farm owned by him to his wife in anticipation of possible levies thereon by his individual creditors, and on the following day the wife deeded the land to her husband's copartner, who had been negotiating with the husband for such purchase prior to the conveyance to the wife, the husband attending to the business for her, and taking a due-bill payable to her for a portion of the purchase price, which he turned over to her as her share of the same, he being indebted to her in a greater sum for money had of her.

   *Held,* that, as between the wife and her grantee, she was justly entitled to the due-bill and its proceeds, whether the farm belonged to her or her husband, and that the partnership transactions between her husband and such grantee would have no connection with said due-bill, nor could her interest therein be made either legally or equitably liable for any balance found due from her husband to his copartner on an accounting between them.

Error to Ingham. (Howell, J., presiding.) Argued April 21, 1887. Decided June 16, 1887.

Assumpsit.    Defendant    brings    error.    Affirmed.    The
facts are stated in the opinion, and in note, page 315.

*Cahill & Ostrander*, for appellant.

*George M. Huntington*, for plaintiff.

SHERWOOD, J.    In this case the plaintiff brought assump-
sit to recover of the defendant the amount due on the fol-
lowing due-bill:

"$541.                                    LANSING, October 31, 1882.
    " Due Sarah E. Dart, on demand, five hundred and forty-
one dollars.                                .
                                    "JAMES J. BAIRD."

The following payments were indorsed on this instrument:
December 25, 1882, $30, and December 28, 1882, $97.41.
Also appears indorsed thereon the following:

"For a valuable consideration to me paid by Ira E. Ran-
dall, I hereby assign to him the within note, and hereby
give him authority to collect the same in his own name, and
to do all things necessary therefor, the same as I might do
were this assignment not made.
    "Dated September 22, 1885.        SARAH E. DART."

Defendant pleaded the general issue, with notice that he
would prove on the trial that the defendant and Rollin C.
Dart had been copartners in business at Lansing previous to
the time of his giving the due-bill; that when it was given
no accounting had been had between said partners, and
defendant believed, from such knowledge and information as
he had at the time the due-bill was given, that the partners
were about even, and that neither owed the other anything,
but that Dart told the defendant at the time that he (Dart)
had overdrawn a little probably, and would see that it was
adjusted upon payment of the due-bill; that said due-bill
represented the balance defendant owed to Dart for real
estate sold to defendant; that the bill was drawn by Dart,
and signed at his request, and was made payable to Mrs.
Dart, to protect that sum for her against his creditors; that

Dart was at that time financially embarrassed, and that the due-bill belongs to Dart unless sold by him to the plaintiff; that no consideration for the bill proceeded from Mrs. Dart, nor was the defendant at any time indebted to her.

That since the bill was made defendant has paid taxes for Mr. Dart, and received credit on the same, and defendant has also paid Dart the $30 indorsed on the bill; that since giving the due-bill defendant has ascertained that there is a large amount of money due to him on account of the partnership between himself and Dart, and that, if plaintiff is owner of the bill, he holds the same with full knowledge of the facts; that the defendant's set-off and equities in his favor, to which the facts entitle him, should be respected; that said R. C. Dart is indebted to him in the sum of $1,000 under each of the common counts in assumpsit; and he claims that the same should be allowed to him in the case after deducting therefrom the amount remaining unpaid upon the due-bill.

The cause was tried in the Ingham circuit, before Judge Howell, with a jury, and, after the testimony was taken, counsel for defendant moved for judgment of nonsuit for the reason that "this claim was one contrary to the provisions of the statute, both the spirit and the letter." This motion was overruled, and the circuit judge then directed the verdict for the plaintiff, permitting the jury to make the computation and determine the amount; and judgment was rendered accordingly. Defendant brings error.

After the cause came on to be heard, counsel for defendant asked leave to amend his notice filed, by adding thereto:

"That the demand on which this action has been founded has been bought or received for prosecution contrary to law."

Thereupon Judge Huntington, who was counsel for the plaintiff, admitted—

"That the plaintiff did not claim to be a purchaser except subject to equities, and the case shall stand just the same as if the suit had been brought in the name of Sarah E. Dart, to whom the due-bill was given, and subject to any defense that it would have been in her hands, notwithstanding it may have been transferred by her before due."

The court accepted the admission, and overruled defendant's motion. This ruling was excepted to, and constitutes the first assignment of error. The amendment asked for was within the discretion of the court, and we do not think there was any abuse of it in the ruling made.

The defendant's second, third, and eleventh allegations of error relate to the questions propounded by counsel for defendant calling for testimony which would have been admissible under the rejected amendment only. There is no error in excluding this testimony. The statute allows the defense contained in the rejected notice to be made only when notice thereof has been given. How. Stat. § 7189. Upon the cross-examination of the plaintiff, the defendant was allowed to show under what circumstances the former took the claim sued upon; and, so far as appears, we see nothing objectionable in what he did. Nothing appears showing on the plaintiff's part any intention to do anything wrong or unlawful, nor anything deserving of censure.

Eight of the other ten assignments of error relate to the partnership dealings of Mr. Dart and the defendant, and as to how the account stood between them We are of opinion that testimony was all irrelevant. It appeared that, at the time this note was given, it was for land purchased by the defendant of Mrs. Dart.[1] It is true Mr. Dart did the business with defendant when the sale was made, but it was for

---

[1] The land was conveyed by Mr. Dart to Mrs. Dart, October 30, 1882, and by her to defendant on the following day. Negotiations for such sale had been in progress for some time between Mr. Dart and defendant, and the deed was made to the wife in anticipation of possible levies by Dart's creditors. He testified that he intended, in the first place, that $1,000 of the consideration should go to his wife, that being the amount he had had of her, and that he turned the due-bill over to his wife as her share.

her, and the note was made payable to her, and the testimony tends to show she received it to reimburse her for her husband's indebtedness to her, or, rather, to apply on such indebtedness; and this testimony does not seem to be disputed; so that, as between her and the defendant, whether the property for which the due-bill was given was Mr. or Mrs. Dart's, she would be justly entitled to the note and its proceeds, and the partnership transactions of the defendant and Mr. Dart would have no connection whatever with the due-bill, nor could her interest therein be made either legally or equitably liable for any balance which might be found due to defendant on an accounting from her husband.

This was not a case in which the partnership accounting could be had, and there had never been any balance found or agreed upon between the parties composing the firm. We know of no rule of law under which the claim of one of the partners, in a suit against the other upon a contract like the present, where the amount has been agreed upon, and is in no way connected with the partnership affairs, can be subjected to a set-off in favor of the other arising out of the partnership dealings before there has been an accounting and a balance found due to the other after the liquidation of all the indebtedness of the firm. We think neither of these 10 exceptions can be sustained.

The request of defendant's counsel that the plaintiff upon the testimony must become nonsuited, was properly refused, and the direction given by the circuit judge was correct, and the judgment must be affirmed.

The other Justices concurred.