## John C. Pangborn v. The Continental Insurance Company.

[See 62 Mich. 638.]

*Amendment of pleadings—Denial—Review in Supreme Court— Settlement—Fraud—Rescission.*

1. The amendment of pleadings is generally a matter of discretion; but if a denial deprives a party of a meritorious defense to the entire action, he may have the ruling reviewed on error.
2. In a suit on an insurance policy, if the plaintiff seeks to avoid a settlement of his claim on the ground that it was fraudulently secured, he must show the repayment or tender of the money received to entitle him to a recovery.

Error to Huron. (Beach, J.) Argued November 3, 1887. Decided January 5, 1888.

Assumpsit on insurance policy. Defendant brings error. Reversed. The facts are stated in the opinion.

*Charles L. Hall*, for appellant.

*Winsor & Snover* (*H. B. Carpenter*, of counsel), for plaintiff.

SHERWOOD, J. This action is upon a policy of insurance dated August 21, 1882.

The defenses are—

1. Misrepresentations relative to the title to and incumbrances upon the plaintiff's property, made in his application.
2. An accord and satisfaction.

In the application for insurance, the plaintiff represented that he owned the property in fee simple, which consisted of 160 acres; that it was incumbered to the amount of $500 only,

which would be due in 1883; and that the cash value of the land was $4,500.

The case was in this Court once before. See 62 Mich. 638. The plaintiff had, on the first trial, been allowed to recover, and the judgment was reversed in this Court.

In that case we held:

That if the representation of quantity was relied upon as a warranty, and its falsity as a defense, the defendant should have set it up in its notice; that, under the rules established by this Court, the defendant must confine itself to the fraud or falsehood alleged in its notice; and that, under the defendant's notice, it was immaterial whether the plaintiff owned any other land than the 40 acres upon which the buildings insured stood.

Defendant, wishing to avail itself of its whole defense in the premises, at the first term of the circuit court after the cause was sent back for a new trial, by its counsel, upon proper notice and showing, made a motion for leave to amend its notice in such a manner as to make the plaintiff's title to the 160 acres of land described in the application material. This motion was denied by the court, and the defendant was not permitted to avail itself of one of its principal defenses, which had existed from the moment the policy became operative, and must have been known to the plaintiff. It was not a new defense, nor a technical one, but went to the merits and very foundation of his claim. The amendment was offered at the earliest opportunity after it was found to be necessary by defendant's counsel, and its denial was equivalent to depriving the defendant of its right to make its defense altogether.

Ordinarily, the granting of a motion to amend pleadings is a matter within the discretion of the court, and cannot be reviewed here; but when, in a case like this, a party is deprived of a meritorious defense to the plaintiff's entire claim in suit by the ruling, the action of the court becomes so prejudicial to the rights of the party affected thereby that

he may allege error, and have the case reviewed in this Court for its correction.

Where, in the trial of a cause at the circuit, involving only a common-law issue, the application of a rule of practice becomes so oppressive as to deprive a party of his just rights irrevocably, as in this case, error will always lie to this Court to redress such grievance.

The defendant should have been allowed to make the proposed amendment to its pleadings.

On the trial, the plaintiff obtained a verdict for the sum of $1,187.16.

The testimony of both parties tended to show a settlement of the plaintiff's claim, and it appears that he signed a receipt, on the back of the policy, for the amount paid by the company, and accepted a draft for the amount, when he surrendered the policy and signed the contract for the compromise, which was attached to the same.

It further appears that the plaintiff indorsed the draft and received the money on the same. Plaintiff, however, alleges that the settlement was brought about by deceit and fraudulent practices of the defendant's agent, who did the business. This allegation the defendant denies.

The plaintiff did not tender back or pay to the defendant the money he received upon the compromise, before bringing this suit. The sum received was $100.

Under these circumstances, the following request of defendant's counsel should have been given as requested:

"If the jury find from the evidence that there was a settlement and compromise of the claim of the plaintiff against the defendant in this case, and that plaintiff received, either in cash or by draft the amount to be paid on such settlement and compromise, but has not repaid or tendered back the same to defendant before the commencement of this suit, the plaintiff cannot recover in this case."

This request is within several decisions of this Court. *Wilbur v. Flood*, 16 Mich. 40; *Jewett v. Petit*, 4 Id. 508;

*De Armand v. Phillips,* Walk. Ch. 186; *Galloway v. Holmes,* 1 Doug. 330; *Dunks v. Fuller,* 32 Mich. 242; *Martin v. Ash,* 20 Id. 166; *Lumber Co. v. Bates,* 31 Id. 158; *Railroad Co. v. Dunham,* 30 Id. 128; *Crippen v. Hope,* 38 Id. 344.

The plaintiff's right to recover is based upon the theory that the settlement was obtained through the fraud of defendant's agent. The plaintiff cannot claim the benefit he has received through the fraudulent contract, and at the same time repudiate its binding force. *Railroad Co. v. Dunham,* 30 Mich. 128; *Crippen v. Hope,* 38 Id. 344; *Gray v. St. John,* 35 Ill. 222; *Mann v. Stowell,* 3 Chand. 243.

This is an action of assumpsit upon the contract, and not a suit for fraud.

Other points are made, but most of them will hardly recur upon another trial, and therefore we do not think it profitable to consider the case further.

The judgment must be reversed, and a new trial granted.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.