HENRY M. BAKER v. WILLIAM BAIRD.

*Findings of fact—Contract—Construction—Power of attorney.*

1. The findings of fact by the court below are conclusive in this Court, and will not be reviewed except to determine whether there is any evidence to support them.

2. When parties have reduced their contract to writing, courts will construe it according to the intention therein expressed, when that intention is clear upon its face. Only in cases of ambiguity in the terms of written contracts will courts resort to extraneous evidence to determine the intention of the parties.

3. A power of attorney, coupled with an interest, cannot be revoked without payment of the compensation agreed upon.

Error to St. Clair. (Canfield, J.) Argued January 14, 1890. Decided January 24, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Avery Bros.,* for appellant.

*E. W. Harris,* for plaintiff.

GRANT, J. This suit was tried by the court without a jury. The judge made an elaborate finding of facts, substantially as follows:

Defendant was formerly deputy inspector and collector of customs at Algonac, Mich. Under sections 2733, 2738, Rev. Stat. U. S., he was entitled to receive pay at three dollars per day from June 22, 1874, to May 5, 1880, and had a claim against the government for the difference between that and $420 per year, which the government had paid. In 1875, plaintiff commenced a correspondence with defendant, soliciting employment to prosecute this claim. The correspondence continued for several years,

resulting in defendant's executing and forwarding to plaintiff the following power of attorney:

"Know all men by these presents, that I, Wm. Baird, of Algonac, in the State of Michigan, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, Henry M. Baker, of Washington, D. C., my true and lawful attorney, irrevocable, for me, and in my name, place, and stead, hereby annulling and revoking all former powers of attorney or authorizations whatever in the premises, to present and prosecute my claim against the United States for the arrears of salary due me for services as inspector of customs, and to, from time to time, furnish any further evidence necessary, or that may be demanded; giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present at the doing thereof, and with full power of substitution and revocation, and to receipt and sign all vouchers, hereby ratifying and confirming all that my said attorney or his substitute may or shall lawfully do, or cause to be done, by virtue hereof.

"In witness whereof I hereunto set my hand and seal this 29th day of November, eighteen hundred and eighty-two.                        WILLIAM BAIRD.   [Seal.]"

August 10, 1875, the treasury department changed the title of defendant's office from "deputy collector and inspector" to "deputy-collector," and did not thereafter recognize liability for such arrears of pay.

December 1, 1882, plaintiff filed defendant's claim for such arrears from June 22, 1874, to August 9, 1875. The same was allowed and paid to plaintiff, who remitted it to defendant, less 25 per cent.

July 7, 1884, Congress passed an act appropriating money to pay the arrears of pay after August 9, 1875, with the proviso that the liability of the government should be determined by a test case. Plaintiff instituted such case in the court of claims, and February 2, 1885,

a decision was rendered establishing the liability of the government. February 17, 1885, plaintiff filed defendant's further claim for pay from August 10, 1875, to March 2, 1881, was recognized by the department as attorney in charge of the claim, and obtained its allowance.

May 17, 1886, the defendant gave one Clarke a power of attorney to prosecute this claim for a compensation of 10 per cent. of the amount collected. June 29, 1886, Clarke filed the claim. Clarke was Commissioner of Pensions from August 4, 1884, to March 9, 1885. By section 190, Rev. Stat. U. S., he was debarred from acting as attorney in the prosecution of any claim pending in the department, and was not recognized by the department as the attorney for this claim. By a rule of the treasury department, no draft in payment of a claim could be delivered to any attorney unless his power of attorney was witnessed and acknowledged, and authorized the attorney to receive it. Defendant's claim was allowed November 25, 1887, at $3,097.39, and draft for same sent to defendant. Defendant never revoked his power of attorney to plaintiff, nor notified him of the execution of the power of attorney to Clarke. Plaintiff has been paid no compensation on account of said second claim and award. No information was given by plaintiff to defendant of the amount of his claim; nor did he know the exact amount before giving the power of attorney to plaintiff.

The contention of the defendant is that the circuit judge erred in certain of the above findings and in refusing to find certain facts proposed by his counsel. The findings of fact by the court below are conclusive in this Court, and will not be reviewed except to determine whether there is any evidence to support them.

It is admitted that the power of attorney dated Novem-

ber 29, 1882, and a letter of the same date accompany-
ing its transmission to plaintiff, upon their face include
all arrears of pay due defendant up to that date. But it
is attempted to limit their intent and purpose to the
claim for arrears from June 22, 1874, to August 9, 1875.
The defendant claims that this appears from the corres-
pondence which passed between the parties, from the fact
that plaintiff in remitting the amount of the first claim
said nothing about any further claim, and from the tes-
timony of defendant that at the time he engaged Clarke
to prosecute his claim he understood that plaintiff had
ceased to be his attorney, and from the further fact that
the department had changed defendant's official title,
August 10, 1875, from "deputy collector and inspector
of customs" to "deputy-collector" only. The corres-
pondence between the parties began by a letter from
plaintiff to defendant dated July 10, 1875. It is signifi-
cant that this letter is not produced by the defendant,
nor its absence accounted for. But it appears that in
plaintiff's letter of August 14, 1875, he speaks not only
of certain arrears of salary due, but also that the act of
Congress entitled him to an increased salary for the
future. This clearly shows that there was evidence to
sustain the finding of the circuit judge. At the time of
the receipt of the power of attorney, plaintiff, by a test
case, had established the liability of the government for
arrearages to August 9, 1875. Plaintiff had brought two
other suits in the court of claims to test the liability of
the government for the subsequent period. These suits
had not been determined when plaintiff received the
power of attorney. They were decided in favor of claim-
ants, February 2, 1885; and on the 17th of the same
month plaintiff filed defendant's second claim,—a week
previous to the payment of the first claim. The fact,

therefore, that plaintiff, in remitting the payment of the first claim, said nothing about the subsequent one, is of no significance. It could no more tend to change the written contract than would the failure of the defendant to ask about it.

It is also of no consequence how either party understood the contract. When parties have reduced their contract to writing, courts will construe it according to the intention therein expressed, when that intention is clear upon its face. Only in cases of ambiguity in the terms of the written contract will courts resort to extraneous evidence to determine the intention of the parties.

Nor does the fact that the department changed defendant's official title affect the issue here. The change was made, according to the record, for the sole purpose of avoiding liability on the part of the government. Defendant's duties remained the same as before. As we read the record, we understand that one of the very issues in those cases was whether such change made any difference in the liability of the government. The power of attorney was clear and explicit. It included all claims against the government on the part of the defendant to its date. It was coupled with an interest, and could not be revoked without payment to plaintiff of the compensation agreed upon.

It is unimportant to discuss the other alleged errors. They all refer to the findings of fact, and we find there was evidence to sustain them.

There is no error upon the record, and the judgment must be affirmed, with costs.

The other Justices concurred.