RAWLINGS *v.* FISHER.

110    19
125   221

1. EVIDENCE—BILLS AND NOTES—AMBIGUOUS INDORSEMENT.

In a suit upon a promissory note bearing date May 31, 1894, parol evidence was admissible to show the understanding upon which an indorsement was made June 28th, reciting the receipt of money " *to be indorsed on interest from January 1, 1894, until June 1, as far as interest calls.*"

2. PLEADING—NOTICE OF SET-OFF—AMENDMENT DURING TRIAL—DISCRETION OF COURT.

A refusal to permit defendant to amend his notice of set-off during the trial of an action on a promissory note, so as to add a further claim, is not ground for reversal of the judgment, the matter being entirely within the discretion of the court.

Error to Kent; Adsit, J. Submitted May 5, 1896. Decided June 30, 1896.

*Assumpsit* by Edward Rawlings against Olive B. Fisher upon a promissory note. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*C. H. Gleason*, for appellant.

*Maher & Salsbury*, for appellee.

LONG, C. J. Plaintiff had judgment below, under the direction of the court, for $795.60. The action was commenced to recover upon a promissory note of $765.85. There was an indorsement appearing upon the back of the note, as follows: "Received on within fifty dollars, to be indorsed on interest from January 1, 1894, till June 1, as far as interest calls. June 28, 1894." The note bears date May 31, 1894. In addition to the recovery upon the note, the plaintiff sought to recover under a bill of particulars covering a period of dealings from May, 1887, to

January, 1894, amounting to some $9,000. No set-offs were included in this bill of particulars. The defendant, under the plea of the general issue, gave notice of set-off, and filed a bill of items amounting to $12,000. Plaintiff's counsel demanded a more specific bill of items of set-off, which was thereafter furnished, before the case proceeded to trial.

It appears that the plaintiff was in the employ of the defendant, upon a farm owned by her in Ottawa county, from May, 1887, to January, 1894. By the terms of the contract of hiring, he was to be settled with by her monthly, but it was shown that, upon one occasion, a balance of $400 had accumulated in his favor, and that, again, in March, 1894, the defendant owed the plaintiff a balance of $815.85, for which she gave a duebill, subject to correction. On May 31, 1894, this duebill was taken up, and the note sued upon given in its place, payable in six months from date, with interest, and the indorsement before recited was thereafter made. The testimony of the plaintiff shows that, after giving the note, he negotiated with the defendant for a wagon, for which she asked $50; that at that time he claimed to be entitled to interest on his earnings, running from the time they became due under the contract of hiring, which the defendant was unwilling to allow, but that she offered to allow interest from January 1, 1894, when his term of service ended; that he accepted this offer, and purchased the wagon at the price named; and that the defendant thereupon made the indorsement upon the note for that purpose. Objection was made to the introduction of this testimony, that it was inadmissible under the declaration, and had no tendency to prove consideration. The court permitted the testimony to be given. Error is assigned upon this admission. We think the court was not in error in permitting the plaintiff to show what the understanding was between the parties in relation to the indorsement. The writing is not specific as to just what interest should be allowed, but it is evident that it was to

commence January 1, 1894. It was therefore open to explanation by either party as to what the understanding was when the wagon was purchased, and that whatever balance might have been left after the interest had been computed should be applied upon the interest on the note.

During the trial, defendant's counsel asked leave to amend his notice of set-off, and to add a claim for the pasturing of a certain horse. It was admitted that there was no price fixed for the pasturing. Before that the court had permitted the defendant to introduce evidence of other set-offs not specified in the notice, and, when the question was raised as to the value of this pasturing, the court stated to counsel that, the damages being unliquidated, as there appeared to be no agreement as to what should be paid, it would be in the nature of recoupment rather than set-off, and the amendment would not, therefore, be permitted at that stage of the proceeding. We think this was a matter entirely within the discretion of the trial court. *Deline* v. *Insurance Co.*, 70 Mich. 435; *Randall* v. *Baird*, 66 Mich. 315. We think there was no such abuse of discretion as would warrant us in setting aside the judgment for that reason.

These claimed errors constitute the principal grounds of complaint which are made here, and upon which counsel asks a reversal of the case. We have, however, examined the other questions, but find no error.

The judgment is affirmed.

The other Justices concurred.