WALBRIDGE *v.* TULLER.

1. BILLS AND NOTES—CONSIDERATION—DENIAL.

One who indorses her past-due note with a statement that she agrees, for a valuable consideration, to pay the same two years from date of the indorsement, cannot support a defense of want of consideration for the note by testimony that the payee was heard to say, at a time prior to the indorsement, that the note was not to be collected during the maker's lifetime.

2. SAME—DEFENSES—SPECIAL NOTICE.

Under Circuit Court Rule No. 7, subd. *c*, requiring a defense of "failure of consideration" to an instrument declared upon to be set forth by notice added to defendant's plea, the defense of want of consideration for a note in suit must be so set forth in order to be available at the trial; the language of the rule being used in its broad sense.

3. SAME—AMENDMENT DURING TRIAL—ABUSE OF DISCRETION.

It is not an abuse of discretion for the court, in an action on a note, to refuse to permit defendant to amend his plea, after the trial has been entered upon, so as to set up want of consideration as a special defense.

4. EVIDENCE—VALUE OF SERVICES—OPINION—FOUNDATION.

In an action by an administrator to recover for personal services of his decedent, a claim of error in permitting plaintiff to testify as to their value, basing his opinion on personal knowledge of the services, not disclosed to the jury, is untenable, where he gave the history of the services, and based his estimate thereon.

5. SAME—RELEVANCY.

Where a claim of indebtedness at a certain time is disputed, evidence that the alleged debtor was at the time an indorser of paper for the creditor's son-in-law, which the maker subsequently paid, and that the creditor signed an agreement to save the indorser harmless, is irrelevant.

Error to Clinton; Daboll, J.   Submitted October 5, 1900.   Decided November 13, 1900.

*Assumpsit* by Henry E. Walbridge, administrator of the estate of Henry Walbridge, deceased, against Elizabeth Tuller, upon a promissory note and for professional services rendered by decedent.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Flowers & Moloney*, for appellant.

*Fedewa & Walbridge* (*Spaulding, Norton & Dooling*, of counsel), for appellee.

MONTGOMERY, C. J.   This action was brought by Henry Walbridge in his lifetime, and after his decease was revived in the name of his administrator.   The action was founded on a promissory note of $4,260.25, dated February 4, 1887, upon which there was an indorsement as of its date of $260.25, leaving the face of the note $4,000.   On the 2d of August, 1893, there was an indorsement on the back of the note, signed by defendant, reading, "For a valuable consideration, I hereby agree to pay the said note in two years from date."   The note of February 4, 1887, recited that it was given for the amount of principal and interest of a note given August 7, 1880, for $3,000.   The plaintiff made a further claim for services as attorney from the date of the $3,000 note to January 1, 1899, at the rate of $300 per year.   The services consisted in looking after defendant's property, securing tenants, attending to repairs, and attending to some cases in court. The plaintiff recovered a verdict and judgment for $9,-094.65, and defendant brings error.

It is contended that the court erred in refusing to submit to the jury the question whether there was any consideration for the note sued upon.  The testimony which is said to have raised this issue is that of Louise Tuller, who testified that deceased stated to her that the note was not to be collected during the life of her mother or herself. If it were competent to vary the terms of the note by such a parol agreement, this testimony could not be given, for the reason that the witness stated the conversation to have occurred either in 1892 or 1893, at Christmas time. The indorsement on the note made by defendant in August, 1893, purported to be for a valuable consideration, and fixed the time of payment at two years from date.  The testimony of Louise Tuller does not show that the alleged conversation with her occurred at a later date, and therefore raises no issue.

Defendant's counsel further contend that the court erred in refusing to admit evidence of a want of consideration for the note under the plea of the general issue, and, further, that, if the testimony should be held inadmissible under this plea, the court erred in refusing an amendment. The statute (section 10074, 3 Comp. Laws 1897) provides that the Supreme Court may make such rules in relation to notice of matters intended to be given in evidence by either party as shall be necessary to prevent surprise and afford an opportunity for preparation for trial.  Under the authority conferred by this section, Cir. Ct. Rule No. 7 was adopted, subdivision c of which reads as follows:

" Whenever it shall be claimed in defense that any written instrument set forth in the plaintiff's declaration is void or voidable, or cannot be recovered upon by reason of any statute, or by reason of nondelivery, failure of consideration, fraud, payment, discharge, or release, the facts upon which such defense is based shall be plainly set forth in a notice added to the defendant's plea."

The purpose of this rule is plain.  Under the former practice many defenses were open under the general issue which plaintiff might not be prepared to meet.  It was to

obviate this difficulty that the court adopted this provision, intending that the plaintiff might stand with
safety upon his declaration setting out a written instrument, without being put to the trouble or expense of preparing to meet a defense inconsistent with the validity of
such instrument, unless either the execution was denied
under Rule 8, or notice of a purpose to claim its invalidity
or discharge was given under Rule 7. "Failure of consideration " was used in its broad sense, and includes want
of consideration, as we think is apparent from the context.
Defendant's counsel appear to have so construed the rule,
as a motion was made at the trial to amend the plea by
adding a notice of want of consideration.

Error is also assigned on the ruling of the court in refusing to permit the proposed amendment. It is conceded
that the granting or refusing an amendment rests in the
sound discretion of the trial judge, and such has been our
holding. *Pratt* v. *Montcalm Circuit Judge*, 105 Mich.
505 (63 N. W. 506); *Rawlings* v. *Fisher*, 110 Mich. 21
(67 N. W 977). The defendant's counsel contend, however, that the ruling in this case was such an abuse of discretion as this court ought to correct on error; citing
*Pangborn* v. *Insurance Co.*, 67 Mich. 683 (35 N. W.
814). The case cited was, however, a case in which the
application was made in advance of the trial, and the case
showed that the plaintiff would not have been surprised
or misled by the amendment. In the present case no
application to amend was made until the trial was actually
entered upon. We do not think that, under the showing
made, the action of the trial judge can be held to have
been an abuse of discretion.

Error is assigned upon a ruling permitting Henry E.
Walbridge to testify as to the value of the services rendered for defendant by deceased. It is claimed that he
was permitted to testify as to the value, basing his opinion
on his personal knowledge of the services rendered, not
disclosed to the jury. We do not so read the record.
The witness undertook to give, in as much detail as could

be expected, the history of ·decedent's services for defendant, and his estimate of which would· appear to be based on such services.

Defendant offered a memorandum in the handwriting of Henry Walbridge, and signed by him, stating that the defendant had indorsed a note signed by J. H. De May, and agreeing to save her harmless.   This was dated April 20, 1889, before the indorsement agreeing to pay the note in two years was made; and it was admitted that the note to which the memorandum referred was paid by De May, and not by the defendant.   This memorandum was offered as bearing on the testimony of Henry Walbridge, taken by deposition, that defendant had no money to pay him with, and that he did not need any money.   We do not see how it tended to disprove either fact.   That Mrs. Tuller was possessed of considerable property, so that her indorsement was good, is apparent.   The fact that Mr. Walbridge's son-in-law needed an indorser did not tend to prove that he ( Mr. Walbridge ) was in need of money.

The other assignments of error are without merit.

Judgment affirmed.

The other Justices concurred.