CRANE v. BAYLEY.

1. CORPORATIONS—AGREEMENT OF DIRECTORS—WRITTEN INSTRU-MENT—PAROL EVIDENCE.

Where the directors of a corporation executed an agreement in writing binding themselves to contribute in the payment of certain notes to be given by two of their number to the corporation for purposes declared in clear and unambiguous terms in the writing itself, parol evidence as to the object of the agreement was rightly excluded in an action against a director to recover his *pro rata* share; neither fraud nor mis-. take being claimed in the pleadings.

2. SAME—ASSETS—DEFICIT—DIVIDENDS—PUBLIC POLICY.

An agreement by the seven directors of a corporation, which recites that the assets of the corporation fall short of equal-ing the capital stock and liabilities, after payment of a 6 per cent. dividend, which the directors "deem it desirable and politic to pay," in view of which fact two of the directors shall give their notes for the deficiency, which notes shall be retired out of the earnings of the corporation, each director, however, assuming a *pro rata* liability to the makers, is not void on its face as having for its purpose a fraud upon the public.

3. PLEADING—DEFENSES—WANT OF CONSIDERATION.

Under Circuit Court Rule No. 7, subd. c, defendant, in an action

on a written instrument, who has failed to give notice with his plea of a claim that the instrument was without con-sideration, cannot interpose such a defense at the trial.

4. CORPORATIONS—AGREEMENT BY DIRECTORS—CONTRIBUTION.

   Where a note was given to a corporation by one of its directors in pursuance of an agreement entered into by the seven directors stipulating that each would be liable to the maker for one-seventh of the amount of the note, should he be called on to pay it, and that such note might be retired out of the earnings of the corporation, the maker of the note was not bound to insist on the payment of the note out of the earnings of the company, but could pay the same, and demand contribution.

Error to Wayne; Donovan, J. Submitted November 15, 1900. Decided April 25, 1901.

*Assumpsit* by William S. Crane against Volney P. Bayley on an agreement for contribution. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*George X. M. Collier* and *William W. Chapin*, for appellant.

*George H. Carlisle* (*Graves & Hatch*, of counsel), for appellee.

MONTGOMERY, C. J. In December, 1894, the plaintiff and defendant were two of the seven directors of the Home Building & Loan Association. On that day all of the directors as individuals entered into an agreement in writing in the following terms:

"*Whereas*, the undersigned, Clark J. Whitney, William S. Crane, Anthony Grosfield, J. B. Kennedy, R. J. McLaughlin, V. P. Bayley, and Edward D. Stair, are directors of the Home Building & Loan Association of Detroit;

"*And whereas*, by reason of the expenses incident to the beginning of business of the association, and otherwise, a deficiency of about $8,800.00 appears in the finances of the association, the assets being that amount short of

equaling the capital stock and the liabilities of the asso-ciation, after payment of a dividend of 6 per cent. per annum to all shareholders, and which the undersigned deem it desirable and politic to pay:

"*Now, therefore*, it is agreed as follows: Said Clark J. Whitney and William S. Crane at this time shall each make their promissory note to the Home Building & Loan Association, dated December 28th, 1894, and payable in one year, for the sum of $4,500.00 each, respectively, bearing interest at 7 per cent., and shall each secure to the association the payment thereof by the pledge of stock of the association held by them for the face or par value of $5,000.00, under the rules of the association; and the said notes shall thereupon become the assets of the association, and the said stock shall remain as collateral thereto until the same is paid or adjusted.

" It is understood, nevertheless, that the said notes may hereafter be retired out of the profits of the business of the Home Building & Loan Association in preference to payment of dividends therefrom, but it shall not otherwise be considered a liability of said association; to the end that no deficiency shall appear in the assets of the Home Building & Loan Association.

" It is further agreed that each of the parties hereto shall hold the said Whitney and the said Crane harmless on account of their giving said notes to the extent of each one-seventh of the amount; it being understood to be a *pro rata* arrangement as to each of these parties. And, in event of said Whitney and Crane being called upon to pay the same, the other five will each contribute one-seventh of what said Whitney and Crane are required to pay. Said notes may be renewed from time to time without affecting this agreement, and this shall be a continuing guaranty for all such renewals of the same, or any part thereof.

" It is further mutually agreed that, within three years from the date hereof, the said notes shall be retired, and said Crane and Whitney released therefrom: *Provided*, however, that said Whitney and Crane shall each pay or arrange for their one-seventh of the amount respectively."

The declaration counts on this agreement, avers payment of the $4,500 note signed by himself, and avers that defendant has become liable to contribute his one-seventh. The plaintiff recovered a verdict and judgment by direction of the court, and defendant brings error.

There are numerous assignments of error based on rulings excluding offered testimony. In some instances we find that the testimony excluded by the ruling was afterwards obtained, and was inconsequential.

Error is assigned on the refusal of the court to allow an answer to the question as to the object of giving the note. It might be said that the facts subsequently developed rendered this inquiry immaterial in any event; but it is enough to say that the parties, in unambiguous language, declared in the written instrument itself the purpose of the agreement, and neither mistake nor fraud is claimed in the pleadings. *Baker* v. *Baird*, 79 Mich. 255 (44 N. W. 604).

It is contended that the contract is void as against public policy, and was intended to practice a fraud on the public. There is no notice under the plea of any extraneous facts which would affect the validity of the contract. On its face it does not appear to us to be against public policy. The seven directors of the company, finding that the assets of the company were less than the liabilities, including the capital stock, undertook to make up the deficit, stipulating among themselves that the note might be retired out of the earnings of the company. There is no indication on the face of this agreement of any purpose to mislead any member of the public.

The defense that there was no consideration for the agreement is not open upon the pleadings. Cir. Ct. Rule No. 7; *Walbridge* v. *Tuller*, 125 Mich. 218 (84 N. W. 133).

A question of more difficulty is whether the plaintiff was bound to insist upon the payment of this note out of the earnings of the company, or whether he could make payment and demand contribution. There is no evidence that the earnings of stock had in fact been applied to the payment of the note, and the terms of the agreement did not make it obligatory upon the company to do so. The authority given by the agreement to the plaintiff to pay this note and exact contribution was general, and was not

withdrawn, nor were there any steps taken by defendant, or any other interested party, to compel the company to resort to earnings.

We think the circuit judge reached the correct conclusion. Judgment affirmed.

The other Justices concurred.