SLATER *v.* UNITED STATES HEALTH & ACCIDENT INSURANCE CO.

1. CORRESPONDENCE—CONSTRUCTION.

The construction of written correspondence between the parties to a suit is for the court.

2. BENEFIT SOCIETIES — SETTLEMENT OF CLAIM — RESCISSION — WAIVER OF RETURN OF CONSIDERATION.

A member of a beneficiary association made a claim for sick benefits, and an agent of the association took up the certificate, and paid the member a certain sum in settlement of all claims by reason of the illness. The member never returned such amount, but subsequently sued for further benefits on the ground that the adjustment was made by reason of false and fraudulent statements to the effect that defendant had the right to take up the certificate. It appeared that, after the settlement, the association wrote plaintiff that the certificate was taken up by mistake, and the same was reissued, and premiums accepted. *Held,* that such conduct on the part of the company did not amount to a waiver of its right to insist on a return of the amount paid as a condition precedent to the rescission of the settlement by plaintiff.

Error to Washtenaw; Kinne, J. Submitted April 9, 1903. (Docket No. 21.) Decided May 29, 1903.

*Assumpsit* by John B. Slater against the United States Health & Accident Insurance Company of Saginaw on a policy of insurance. From a judgment for plaintiff, defendant brings error. Reversed.

*Cavanaugh & Wedemeyer* and *Arthur Brown,* for appellant.

*Frank E. Jones* and *Carl T. Storm,* for appellee.

CARPENTER, J. This suit is brought to recover a stipulated indemnity upon an insurance policy. The policy was issued by the United States Benevolent Society, March

30, 1893. Defendant assumed its obligations January 29, 1901. By the provisions of this policy plaintiff was entitled to $7 per week during the time he might be ill, not to exceed 26 weeks, and his heirs were entitled to $75 as a burial fund in the event of his death. Plaintiff's testimony proved that he became ill June 28, 1901; that on July 20, 1901, he adjusted his claim against defendant for that illness for the sum of $45, and received a check for that amount; that he was induced to make this adjustment by the false and fraudulent statements of defendant's agent that defendant had a right to take up his policy of insurance; and that said policy was taken up at the time of the adjustment. When said settlement was made, plaintiff signed a receipt, describing his illness, and containing the following language:

" I hereby agree to accept the sum of $45 in full and complete settlement, compromise, satisfaction, discharge, and release of any and all claims, either of indemnity or otherwise, that I may have or hold against the United States Health & Accident Insurance Company under policy No. 7,129, or any other policy or policies which I now hold, issued by said company, by reason of the aforesaid illness, or by reason of any disability the cause of which originated prior to this date."

Said plaintiff's illness continued for a period of 26 weeks. He brought this suit without returning or tendering the money received by him when said adjustment was made. It is conceded that, under the decisions of this court (see *Pangborn* v. *Insurance Co.*, 67 Mich. 683 [35 N. W. 814] ), this he could not do, unless defendant had waived said tender. This question of waiver was submitted to the jury, who found for the plaintiff, and the only question raised in this court is whether or not there was any evidence which justified their finding.

Plaintiff claims this waiver is proved by the following testimony: While the policy was in the possession of the defendant, it attached thereto a rider, purporting to be dated January 29, 1901, by which it agreed "to and with

the holder of said policy or certificate to assume the obligations of said policy or certificate." August 20, 1901, defendant wrote plaintiff's attorney as follows:

"I am in receipt of your letter regarding the cancellation of John B. Slater policy, and have looked it up carefully, and find he has one of the old policies, that does not have the clause for cancellation inserted. Mr. Forsythe, the adjuster, was ignorant of the same, and had no doubt his policy was one that could be canceled. * * * But Mr. Slater lapsed out of the society August 1st, and we would not care to reinstate him anyway. Of course, it would be optional with us whether we reinstated him or not, and I think we have paid him about enough money now, for one member."

August 28th it wrote:

"We would just as soon he kept his policy up. It does not make any material difference. So you may mail $2 here for August and September dues, and we will mail you policy with receipt for those two months."

And August 31, 1901, it wrote:

"We are in receipt of your letter, with check for $2 for John B. Slater for August and September dues, and you will find inclosed herewith receipt and policy."

And this constitutes all the evidence which it is claimed has any tendency to prove that defendant ever waived its right to have the money returned. No claim is made that the rider attached to the policy, and dated January 29, 1901, in any way changed the obligations of defendant. That simply attached to the policy formal evidence of defendant's existing obligation. It is for the court, and not the jury, to construe the correspondence. We are unable to find in it any evidence of intent to waive the return of the $45, or to set aside the settlement theretofore made. It seems to have been the opinion of the trial court and of plaintiff's counsel that, because the settlement and the surrender of the policy were parts of one transaction, defendant's voluntary assent to set aside the surrender also set aside the settlement. We cannot accept this

reasoning. Though the settlement and surrender were parts of one transaction, the parties could, by their agreement, separate them; and it is obvious from this correspondence that, though the defendant intended to set aside the surrender of the policy and reinstate the same, it did not intend to set aside that part of the agreement by which it adjusted its obligation to indemnify plaintiff for his then illness. In our judgment, therefore, there was no evidence from which the jury could find that defendant waived the return of the $45.

The judgment of the court below will therefore be reversed, and a new trial granted.

The other Justices concurred.