PEOPLE'S ICE & FUEL CO. *v.* FIELD PURE ICE CO.

1. CONTRACTS—SALES—CONSTRUCTION.

A contract by plaintiff which was about to retire from the ice business and defendant which was to take it, to sell its ice, approximating fifteen hundred tons, to the defendant, turn over its list of customers and refer all inquiries to the buyer, who should have for use, free of charge, wagons, ice tongs and scales, while purchasing the ice; and by defendant to purchase of the plaintiff all the natural ice purchased by defendant prior to the succeeding August; plaintiff not to be liable for the destruction of the ice by fire, cannot be construed as an option to purchase the specified amount of ice, and operates as a sale.

2. SAME.

A particular clause in a contract cannot be so construed as to do violence to the intention of the parties as disclosed by the whole instrument.

Error to Kalamazoo; Knappen, J. Submitted April 7, 1910. (Docket No. 25.) Decided May 7, 1910.

Assumpsit by the People's Ice & Fuel Company against the Field Pure Ice Company for the breach of a contract for the sale of certain ice. A judgment sustaining a demurrer to the declaration is reviewed by plaintiff on writ of error. Reversed.

*Jackson & Fitzgerald*, for appellant.

*William R. Fox*, for appellee.

The parties to this action entered into a written contract as follows:

"This agreement made this 29th day of April, 1909, between the People's Ice & Fuel Company, a corporation, party of the first part, and the Field Pure Ice Company, a corporation, party of the second part, witnesseth: That the party of the first part, in consideration of the agree-

ments hereinafter contained to be performed by the party of the second part, agrees to sell to the party of the second part all of the ice now in the icehouse of the party of the first part, at Austin Lake, in the county of Kalamazoo and State of Michigan, and in its icehouse in the city of Kalamazoo, and being approximately fifteen hundred tons, at the rate of three ($3.00) dollars per ton, in ton lots, party of the first part to deliver the ice at Austin Lake f. o. b. cars at Austin Lake, and the ice at the icehouse in the city of Kalamazoo, at said icehouse. Party of the first part further hereby sells and assigns to the party of the second part its list of ice customers, and agrees to refer all inquiries for the purchase of ice to the party of the second part. The party of the first part agrees to load on cars at Austin Lake in time for the night freight all ice for which it receives orders prior to four o'clock p. m. of the day previous. Party of the first part further agrees that the party of the second part shall have the use, free of charge, while purchasing this ice, of three wagons and of such ice tongs, and scales of the party of the first part, as the party of the second part may need. Party of the second part agrees to purchase of the party of the first part all of the natural ice purchased by it prior to August 1st, 1909, and pay for the same three dollars ($3.00) per ton, payable upon delivery. It is mutually agreed that settlement will be in accordance with the railroad weights of all ice from Austin Lake icehouse, and in accordance with the weight at the icehouse of the party of the first part, in the city of Kalamazoo, for ice at said icehouse. It is further mutually agreed that all ice shall be delivered in such quantities, not less than car lots, as party of the second part may order. Party of the first part not to be liable for destruction of ice by fire.

"In witness whereof, the said parties have hereunto set their hands and seals the day and year first above written.

"THE PEOPLE'S ICE & FUEL CO.,
"By PETER LEENHOUTS, Sec. Mgr.
"THE FIELD PURE ICE CO.,
"By C. M. FIELD, Sec'y and Gen. Mgr."

Under this contract defendant took and paid for 626 tons of ice before August 1, 1909. It thereupon refused to take any more ice, and plaintiff disposed of the balance at an alleged loss. Plaintiff brought suit upon the con-

tract to recover the damages it had sustained, because of its breach by defendant. To plaintiff's declaration defendant interposed a demurrer, based upon its construction of the contract, which was that under the terms of the contract it took merely an option on approximately fifteen hundred tons of ice, but obligated itself to purchase none, and therefore that the declaration did not state a cause of action. A judgment sustaining the demurrer having been entered, plaintiff has removed the case to this court by writ of error.

Brooke, J. (*after stating the facts*). The sole question at issue in this case is the proper construction of the contract.

After a careful examination of the contract itself, and due consideration of the situation of the parties thereto, we find ourselves unable to agree with the conclusion reached by the learned circuit judge. The contract, taken as a whole, indicates that both parties were engaged in the ice business in the city of Kalamazoo; that the plaintiff was about to retire from that business, and the defendant was about to take over the same. To that end the plaintiff agreed, *first*, to sell all its ice, both in its house in the city and in its house at Austin Lake (approximately fifteen hundred tons) to defendant; *second*, to sell to the defendant its list of customers; *third*, to refer all inquiries for ice to defendant; *fourth*, to permit defendant to use free of charge *while purchasing this ice* (obviously referring to the fifteen hundred tons) wagons, ice tongs, and scales. Defendant then agrees:

"Party of the second part agrees to purchase of the party of the first part all of the natural ice purchased by it prior to August 1st, 1909, and pay for the same three dollars ($3.00) per ton, payable upon delivery."

It is then mutually agreed that plaintiff shall not be liable for the destruction of the ice by fire. If the defendant's construction of this contract is correct, then it had made an agreement with plaintiff whereby plaintiff was

bound to keep all its ice in storage until August 1st, subject to great shrinkage, and to turn over to defendant its list of ice customers and all inquiries for ice, and, in return therefor, it would receive nothing, for defendant contends it was bound to take no ice at all under the clause quoted, but only agreed to take such natural ice as it might care to purchase before August 1st from plaintiff.

This construction we think clearly untenable. We believe that a fair reading of the entire contract indicates an intention on the part of the plaintiff to sell, and on the part of the defendant to buy, *all* of the ice in question, and that the clause of the contract above quoted means that the transaction shall be completed before August 1, 1909. This limitation was inserted for the obvious reason that the subject-matter of the contract was liable to constant shrinkage through melting. A construction of this particular clause of the contract, which would do violence to the intention of the parties as disclosed by the whole instrument, is not permissible. *Baker* v. *Baird*, 79 Mich. 255 (44 N. W. 604); *Beadle* v. *Improvement Co.*, 140 Mich. 199 (103 N. W. 554).

The judgment is reversed, and a new trial ordered.

MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred.