## WENDT *v.* McGUIRE.

REPLEVIN—FRAUD—RESCISSION—TENDER.

Where plaintiff purchased property from defendant, which
he returned to defendant's father, who claimed the prop-
erty, and received his money back, plaintiff's sole right
to repossess himself of the property must rest upon a
repudiation of the contract with the father upon the ground
of fraud, hence plaintiff could not maintain replevin

against defendant without first tendering to the father the money received from him.[1]

Error to Marquette; Flannigan, J. Submitted October 5, 1916. (Docket No. 57.) Decided December 22, 1916.

Replevin in justice's court by William Wendt against Leo McGuire for the possession of certain blacksmith supplies. From a judgment for plaintiff defendant appealed to the circuit court where the case was heard before the court without a jury. Judgment for defendant. Plaintiff brings error. Affirmed.

*C. F. Button,* for appellant

*W. S. Hill,* for appellee.

On September 19, 1914, plaintiff, a blacksmith, purchased from defendant, also a blacksmith, certain blacksmith supplies of the value of between $80 and $90. The price agreed upon was $42.50. This consideration was paid, and the property was delivered to the plaintiff on said day. Immediately after the consummation of the sale, plaintiff learned that Thomas C. McGuire, father of defendant, claimed to be the owner of the property in question, whereupon plaintiff caused to be issued a warrant for the arrest of the defendant Leo McGuire for obtaining money under false pretenses, and said defendant was arrested the same night. Becoming convinced that at the time the defendant sold the property to the plaintiff the same was actually owned by Thomas C. McGuire, father of defendant, plaintiff on the 22d day of September delivered the property in question to Thomas C. McGuire, receiving from said Thomas C. McGuire the $42.50 which he had theretofore paid to the de-

---

[1] On necessity of returning consideration before bringing replevin for property obtained by fraudulent purchase, see notes in 21 L. R. A. 206; 1 L. R. A. (N. S.) 474.

fendant. At the same time plaintiff signed a receipt for $42.50 and delivered the same to Thomas C. On the 29th day of September, 1914, upon the examination of the defendant before the justice of the peace, who had issued the warrant charging the defendant with obtaining money under false pretenses, Thomas C., defendant's father, swore that, at the time of the sale by defendant to the plaintiff, the defendant was the sole owner of the property sold, and that said sale was in all respects valid and regular, whereupon the examining magistrate upon the advice of the prosecuting attorney discharged the defendant. After the criminal proceedings were disposed of, plaintiff discovered the property in question again in the possession of defendant. He made demand for same from defendant, which was refused, whereupon he instituted replevin proceedings in the justice's court for the recovery of the possession thereof. At the time of the commencement of the said replevin proceedings the plaintiff had paid nothing for the property in question, he having received from Thomas C. McGuire $42.50, which he had theretofore paid to the defendant. A day or two before the trial of the case in the justice's court, plaintiff deposited with the justice the sum of $42.50 (quoting from plaintiff's counsel's opening statement), "to be paid to whoever should be entitled to receive the same." Quoting further from said statement:

"Upon the said trial the said defendant and his said father were among the witnesses sworn, and during the trial it was stated to the said Thomas C. McGuire that the said $42.50 was in the hands of the said justice and that he could have same if he would take it. The said Thomas C. McGuire, however, refused to take the money, and the trial proceeded, resulting in a verdict of the jury in favor of the plaintiff."

Defendant thereupon appealed the case to the circuit court, where it was heard before the circuit judge

without a jury, who, after listening to the opening statement made by plaintiff's counsel and a motion for judgment made by counsel for defendant, filed the following findings:

"After hearing the arguments of counsel for both parties, the court granted the defendant's motion, and decided that as a matter of law, although the equities are with him, the plaintiff should have tendered to the said defendant, or to the said Thomas C. McGuire, the father, the said sum of $42.50, so received by him from the said Thomas C. McGuire, as a condition precedent to the bringing of the writ of replevin in this cause, and that, having failed so to do prior to the issuance of the writ of replevin in this cause, the plaintiff could not recover, and the defendant was entitled to a judgment for return of the property, and found that, under the power vested in the court by the statute to render judgment according to the rights of the parties the defendant having waived return, defendant was not entitled to judgment for the full value of the property, but merely for the amount of money which the plaintiff ought to have tendered before bringing suit, together with costs of suit, and thereupon judgment was ordered and entered in favor of the defendant for the sum of $42.50, damages and costs to be taxed."

Reviewing the case in this court, plaintiff assigns the following errors:

(1) Because the said court erred in rendering judgment against the said plaintiff and in favor of the said defendant for the sum of $42.50.

(2) Because the said court erred in rendering judgment against the plaintiff and in favor of defendant for the costs of said suit to be taxed.

(3) Because the said court erred in its order and conclusion that the plaintiff could not maintain his said suit because of the fact that the $42.50 received by him from Thomas C. McGuire had not been tendered to the defendant, before the issuance of the writ of replevin in said cause.

(4) Because the said court erred in its order and

conclusion that the plaintiff could not maintain his said suit because of the fact that the $42.50 received by him from Thomas C. McGuire had not been tendered to the said Thomas C. McGuire before the issuance of the writ of replevin in said cause.

BROOKE, J. (*after stating the facts*). All the errors assigned may be considered together. The underlying question for determination is whether, when the plaintiff started his replevin suit, he was entitled to the possession of the property in question. At that time he had bought the property from defendant, he had sold it to defendant's father, had received from the defendant's father the purchase price agreed upon between them, and had delivered possession of the property to defendant's father, Thomas C. McGuire. His sole right to repossess himself of the property in question after the consummation of that transaction must rest upon a repudiation of the contract made between himself and Thomas C. McGuire upon the ground of fraud. If plaintiff sought to disaffirm that contract upon that ground, it was his manifest duty first to pay or tender to Thomas C. McGuire the money received from him as consideration for delivery of the property to him. *Morrison* v. *Berry,* 42 Mich. 389 (4 N. W. 731, 36 Am. Rep. 446); *Pangborn* v. *Insurance Co.,* 67 Mich. 683 (35 N. W. 814); *Hubbard* v. *Oliver,* 173 Mich. 337 (139 N. W. 77); *Kimble* v. *Gillard,* 177 Mich. 250 (143 N. W. 79).

Judgment affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. PERSON, J., did not sit.