## HANLEY v. GOWAN.

1. INTOXICATING LIQUORS—ILLEGAL TRANSFER OF LICENSE—BILLS AND NOTES—EVIDENCE—NON OBSTANTE VEREDICTO.

In an action on a promissory note given as part of the purchase price of a hotel lease and furnishings, where the claim that the contract was illegal because it undertook to transfer a liquor license from plaintiff to defendants in violation of statute was not apparent on the face of the contract and was not established by the testimony, and was the sole ground of complaint in the appellate court, the action of the court below in directing a verdict for plaintiff *non obstante* will be affirmed.

2. SAME.

The Supreme Court will not assume that defendants were guilty of a misdemeanor in conducting a saloon without a license, notwithstanding their claim of an illegal contract to transfer a liquor license to them, where their claim was not established on the trial.

3. PLEADING—CONTRACTS—ILLEGALITY—SPECIAL DEFENSES—INTOXICATING LIQUORS.

Where defendants failed to plead specially the illegality of the contract sued upon, that defense was not available, under Circuit Court Rule No. 23, subds. 2, 3.

Error to Chippewa; Fead, J. Submitted January 15, 1918. (Docket No. 78.) Decided July 18, 1918.

Assumpsit in justice's court by William J. Hanley against William E. Gowan and another on a promissory note. There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for plaintiff *non obstante veredicto.* Defendants bring error. Affirmed.

*McDonald & Kaltz,* for appellants.

*Warner & Sullivan,* for appellee.

BIRD, J. Plaintiff brought suit against defendants to recover on a promissory note of $100. The note appears to have been one of several notes given by defendants to plaintiff in compliance with the following written agreement executed by them:

"This agreement, made and entered into this 17th day of May, A. D. 1915, by and between William J. Hanley of Sault Ste. Marie, Michigan, party of the first part, and Louis Packalona and William Gowan, of the same place, parties of the second part;

"Witnesseth: The party of the first part being the owner of a lease of the premises in said city known as the Sherman House, a hotel, and for and in consideration of the sum of $4,000 hereby agrees to sell, and does hereby sell, assign, transfer and set over to the parties of the second part all his right, title and interest therein under said lease, and such personal property and furnishings therein belonging to said first party and used in the conduct of said hotel building, excepting as hereinafter stated.

"*First:* For such interest in such hotel as aforementioned the parties of the second part agree to pay the party of the first part as follows: $2,000.00 upon the execution of this agreement; $1,000.00 in thirty days from date, secured by good bankable paper, the balance in payments of $100.00 each on the 30th of each and every month from and after May 30, 1915, according to the terms of good and sufficient promissory notes in like installments.

"*Second:*  The party of the first part, being the owner of the retail liquor license and bar in said hotel and the wines, liquors, beers and cigars therein, hereby agrees to hire said second parties to run and manage for him said bar and conduct the same for and in his behalf, and to allow said second parties to retain and keep such portion of the profits thereof as they may hereafter agree upon, settlement to be made on or before May 1, 1916.

"*Third:*  The parties of the second part shall pay from the receipts of the bar all bills for merchandise purchased from and after this date, but all liquors, wines, beers and cigars and other goods and necessaries for said bar shall be purchased by said second parties for said first party and in his name.

"*Fourth:*  The party of the first part shall not interfere with the management of said bar or retail liquor business by said second parties so long as said second parties shall run the same according to law and in accordance with the terms of this agreement.

"*Fifth:*  The parties of the second part shall pay the rental called for by the lease of said premises between the said William J. Hanley, lessee, and J. Fennessy, lessor, to the said party of the first part, and shall also perform the terms and conditions of said lease relative to the care of the personal property now in said hotel belonging to J. Fennessy, it being understood and agreed that the terms and conditions of the Hanley lease as to payment of rent and care of property shall be binding upon the parties to this agreement.

"*Sixth:*  This agreement shall cease and be of no further effect from and after May 1, 1916.

"W. J. HANLEY,
"LOUIS PACKALONA,
"W. E. GOWAN."

Defendants pleaded the general issue and gave notice that the consideration of said note failed because they were not permitted to continue as managers of the saloon after November 8, 1915. On the trial defendants made the further claim that the contract was illegal because it undertook to transfer the liquor license from plaintiff to defendants in violation of the

statute. This is the sole ground of complaint in this court. The trial court submitted the case to the jury, leaving to them the one question, whether it was the intention of the parties to include in the contract a sale of the liquor license. The jury found for the defendants. Subsequently, upon motion, the trial court set aside the verdict of the jury and rendered a judgment for plaintiff for the amount of the note, on the ground that neither the contract upon its face nor the proofs showed the contract to be an illegal one.

1. We think the court was right in holding that the contract on its face was not an illegal contract and we find nothing in the testimony which establishes its illegality. The contract does not attempt to convey the license and no one connected with the matter testifies that it was intended to be included. Both defendants were sworn but neither one so testified. Defendant Packalona's testimony tends to refute this claim. The part referred to is as follows:

"*Q.* You and Mr. Gowan were partners in this transaction, were you not?

"*A.* No, sir; we were just managers for Mr. Hanley.

"*Q.* I am not talking about the relation between Mr. Hanley and yourself, I am talking about the relation between you and Mr. Gowan. You and Mr. Gowan went into the deal to share and share alike in the profits, if there were any?

"*A.* As managers for Mr. Hanley, yes, sir.

"*Q.* So, as between you, you were partners?

"*A.* No, sir.

"*Q.* What were you?

"*A.* We were just managers for Mr. Hanley."

While counsel are inclined to concede the contract is a lawful one upon its face, they argue that the value of the lease and personal property is so out of proportion to the consideration named that the license must necessarily have been included. In this contention counsel may be right but if they are they have

not established the fact. The terms of the contract do not show it.. The testimony fails to show it, and defendant Packalona, who should know what the fact is, says that he and Mr. Gowan were just managers of the saloon for plaintiff. To hold, in the face of this showing, that a sale was made of the license would be doing violence not only to the language of the contract but to the testimony of defendant Packalona, and in addition we would be obliged to assume that defendants were guilty of a misdemeanor in conducting a place on their own account where intoxicating liquors were sold without a license. This should not be done on the showing made.

2. Another reason appears why the judgment should be affirmed. Objection was made by plaintiff's counsel to defendants' attempt to show the illegality of the contract for the reason that no notice was given of its illegality under the general issue. Notice was given of a failure of consideration because plaintiff breached the contract, but no hint was given in the notice that a claim of illegality would be made upon the trial. This defense could not be made without notice. Circuit Court Rule No. 7, subds. *b* and *c.* (Present Rule No. 23.) *Walbridge* v. *Tuller,* 125 Mich. 218; *Bryant* v. *Kenyon,* 123 Mich. 151; *Crowley Bros.* v. *Railway Co.,* 185 Mich. 482; *Board of Sup'rs of Chippewa Co.* v. *Bennett,* 185 Mich. 544.

If it can be said that the testimony tended to show a sale of the license and therefore an illegal agreement it was not admissible for this purpose as the pleadings then stood.

We think the case was rightly disposed of by the trial court and the judgment will be affirmed, with costs to the plaintiff.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.