LARSEN *v.* FIELD.

PLEADING—AFFIRMATIVE DEFENSE MUST BE PLEADED TO BE AVAILABLE.

In an action in assumpsit to recover for labor performed and materials furnished in painting and decorating defendant's house, where the defendant pleaded the general issue, evidence of a special contract with plaintiff to paint the outside of the house for a definite price was inadmissible, since under Circuit Court Rule No. 23, § 2, an affirmative defense, to be available, must be pleaded.

Error to Kalamazoo; Perkins (Willis B.), J., presiding. Submitted April 25, 1922. (Docket No. 104.) Decided July 20, 1922.

Assumpsit by Martin Larsen against Katherine Field for work and labor done and materials furnished. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Stearns & Kleinstuck* and *Alfred J. Mills*, for appellant.

*Titus & Titus*, for appellee.

MCDONALD, J. This is an action in assumpsit to recover for labor performed and materials furnished in painting and decorating the defendant's house in Kalamazoo, Michigan. The declaration was on the common counts, to which was attached a bill of particulars, specifying the particular items sued upon, giving credits for payments and showing a balance due and unpaid amounting to $798.70. The defendant entered a plea of the general issue and attached thereto a notice of claim for recoup-

ment growing out of negligent workmanship and inferior material. On the trial the defendant sought to show that she had an agreement with plaintiff to paint the outside of the house for a definite sum, but was not permitted to do so for the reason that no notice of such defense had been added to the general issue. At the conclusion of the testimony, a verdict was directed for the plaintiff for the full amount of his claim, for which action the court assigned the following reasons:

"There was no evidence showing any damage sustained by defendant by reason of any defective work, either upon the interior or exterior of the house. Notice under the defendant's plea would not authorize proof of damage on the theory that there was a special contract for the painting of the outside of the house. Without some evidence of defendant's damage, there was nothing to submit to the jury on that question."

Counsel for defendant in his oral argument before this court waived all assignments of error except that relating to the exclusion of evidence of a special contract to paint the outside of the house for a definite price. We think that the court made a proper disposition of the case. The defendant was seeking to establish an affirmative defense of which plaintiff was entitled to notice under section 2 of Circuit Court Rule No. 23. All such defenses must be pleaded. *Tobin v. Railway Co.*, 192 Mich. 549; *Hanley v. Gowan*, 202 Mich. 293; *Wabash Railway Co. v. Bloomgarden*, 212 Mich. 410.

The judgment should be affirmed, with costs to the plaintiff.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.